J-S31009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DONALD LOHR | |
| Appellant | No. 886 WDA 2016 |

Appeal from the Judgment of Sentence May 13, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0000452-2015

BEFORE:  PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 15, 2017**

Appellant, Donald Lohr, was found guilty of two counts of driving while under the influence of alcohol ("DUI") after a bench trial on stipulated facts and sentenced to ninety days in intermediate punishment to be followed by eighteen months of probation. In this appeal, he argues that the officers who arrested him lacked probable cause to believe he was intoxicated and further, that the evidence before the trial court was insufficient to sustain his convictions. After careful review, we affirm.

The stipulated record provides that police stopped Lohr after he was seen driving the wrong way on a one-way on-ramp to Route 28 in Pittsburgh. The arresting officer observed that Lohr's eyes were glossy and that he was confused about his location. Furthermore, he noticed a strong smell of alcohol coming from Lohr's truck.

Lohr informed the officer that he was licensed to carry a pistol, and that the firearm was in his glove compartment. The officer retrieved the gun from the glove compartment, and proceeded to verify Lohr's identification and registration status. He also requested backup, which arrived shortly thereafter in the form of two officers in two separate squad cars.

The arrival of the new squad cars had a negative impact on Lohr's demeanor. Lohr refused to comply with commands given by the officers, including a command to exit his vehicle. Lohr also became verbally abusive.

Eventually, the officers removed Lohr from his vehicle, handcuffed him, and placed him the back of a squad car. The officer's testimony on what happened next was not definitive. He testified that he "more than likely" requested Lohr to perform field sobriety tests, which Lohr refused. He also testified, however, that he did not ask for field sobriety tests because the on-ramp was not a safe location to perform them.

The officer then transported Lohr to a nearby police station, where Lohr refused to submit to a chemical breath test. Lohr was subsequently charged with one count of DUI, accident resulting in serious bodily injury, once count of DUI, general impairment, and one summary vehicle code violation. The first DUI charge was amended at trial to reflect that no accident occurred, but rather that an enhanced penalty would be applied due to Lohr's failure to submit to a breath test.

Lohr filed a pre-trial motion to suppress evidence, arguing that the police did not have probable cause to arrest him for DUI. The trial court denied the motion, and the case proceeded to a bench trial on a stipulated record consisting of the affidavit of probable cause, the arresting officer's testimony from the suppression hearing, and a stipulation that an officer would testify that Lohr had refused a breath test.

The trial court found Lohr guilty on all counts.[1] This timely appeal followed.

In his first issue, Lohr argues that the trial court erred in denying his suppression motion. "Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence that the challenged evidence was not obtained in violation of the defendant's rights." ***Commonwealth v. Wallace***, 42 A.3d 1040, 1047-1048 (Pa. 2012) (citations omitted).

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of

---

[1] Lohr was sentenced to a mandatory minimum sentence pursuant to 75 Pa.C.S.A. § 3803(b)(4) for refusing the breath test. This sentence does not offend Constitutional protections against unreasonable searches. ***See Birchfield v. North Dakota***, 136 S.Ct. 2160, 2185 (2016).

the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Eichinger***, 915 A.2d 1122, 1134 (Pa. 2007) (citation omitted).

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." ***Commonwealth v. Elmobdy***, 823 A.2d 180, 183 (Pa. Super. 2003) (citation omitted).

At the suppression hearing, the Commonwealth conceded that Lohr was under arrest when he was driven, in handcuffs, to the local police station for a breath test. ***See*** N.T., Suppression Hearing, 1/15/16, at 37. Thus, the officer was required to have probable cause to arrest Lohr prior to that time. Lohr contends that the evidence presented by the Commonwealth did not meet this standard.

"Probable cause exists where the officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that the driver has been driving under the influence of alcohol or a controlled substance." ***Commonwealth v. Hilliar***, 943 A.2d 984, 994 (Pa. Super. 2008). The officer testified that he saw Lohr drive the wrong way down a one-way on-ramp. ***See*** N.T., Suppression Hearing, 1/15/16, at 7. The officer immediately noticed a strong smell of alcohol emanating from Lohr's truck.

*See id*., at 9. Lohr was confused, and couldn't explain where he had come from. *See id*., at 11. His eyes were glossy. *See id*.

When other officers arrived on the scene, Lohr became "very uncooperative[,]" and did not comply with multiple commands. *See id*., at 12-13. He began using profanity with the officers. *See id*., at 12, 40.

Lohr argues that this evidence was equivocal and unreliable. However, assignment of credibility and weight to the evidence is squarely within the suppression court's discretion. We cannot conclude that the suppression court abused its discretion in finding the officer credible. The circumstances to which the officer testified were sufficient to establish probable cause to arrest Lohr for DUI. *See Commonwealth v. Hilliar*, 943 A.2d 984, 994 (Pa. Super. 2008). We therefore conclude that Lohr's first issue on appeal merits no relief.

In his second issue, Lohr argues that the evidence of record is insufficient to support his convictions for DUI. Specifically, he argues that the evidence is insufficient to establish that he was incapable of safely driving his vehicle. *See Commonwealth v. Segida*, 985 A.2d 871, 877-878 (Pa. 2009).

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the

crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Id**. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. **See id**. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted).

In support of his contention, Lohr cites to and distinguishes several cases where we affirmed findings that a driver was incapable of safe driving. We agree that in each of the cited cases, the circumstantial evidence supporting the finding was stronger than that in the present case. However, we have no difficulty in concluding that the evidence we cited above is sufficient to sustain a finding that Lohr was incapable of driving his truck safely at the time he was observed driving it. **See Commonwealth v.**

***Giron***, 155 A.3d 635, 637-638 (Pa. Super.2017). A reasonable fact-finder could conclude that, under the totality of the circumstances, Lohr was incapable of safely driving his truck due to his actions, appearance, and apparent confusion.

As we conclude that neither of Lohr's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2017