**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Kathleen Mae KINNEY, Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 2004.

Filed Dec. 3, 2004.

Marc A. Scaringi, Newport, for appellant.

Kenneth Mummah, Asst. Dist. Atty., Mifflintown, for Com., appellee.

Before: MUSMANNO, GANTMAN and BECK, JJ.

BECK, J.

¶ 1 In this appeal from the judgment of sentence for two counts of Accidents Involving Personal Injury or Death, appellant claims, among other things, that the evidence was insufficient to sustain the verdict. We disagree and so affirm.

¶ 2 This case concerns a multi-vehicle accident that occurred on Route 35 in Juniata County on the morning of April 11, 2002. The Commonwealth's theory of the case, as presented through its witnesses, was as follows.

¶ 3 Appellant, with her fourteen year old son, was traveling northbound on Route 35 in a Dodge Intrepid; she was on her way to the orthodontist's office. At some point, appellant crossed over the double yellow lines on the highway and hit an oncoming Dodge Durango, which was traveling south on Route 35. Inside the Durango were the driver, Suzanne Taylor (Taylor), and her two young children. The impact from appellant's car caused Taylor to lose control of the Durango and as a result Taylor's vehicle crossed over into the northbound lane of traffic and collided, head on, with a Chevrolet pick-up truck that had been traveling behind appellant's car. Taylor and her children survived the crash, but sustained serious injuries. The driver and passenger of the pick-up truck were killed.

¶ 4 Meanwhile, appellant continued driving northbound on Route 35, even though her Intrepid sustained significant damage from the impact with the Durango. Appellant eventually pulled off Route 35 onto Cherry Hill Road, which is located about one-half mile from the accident scene, and called 911 to report she had been in an accident. Her car was disabled and ultimately had to be towed away.

¶ 5 The Commonwealth's theory of the case was that appellant, who caused the accident, did not stop at the scene but eventually was forced to pull over because of the condition of her car. As a result, the Commonwealth charged appellant with two counts of Homicide by Vehicle,[1] two counts of Accidents Involving Personal Injury or Death [2] and summary offenses under the Motor Vehicle Code.[3]

---

1. 75 Pa.C.S.A. § 3732.

2. 75 Pa.C.S.A. § 3742.

3. Appellant was charged with Driving on Roadways Laned for Traffic, 75 Pa.C.S.A. § 3309, and Careless Driving, 75 Pa.C.S.A. § 3714.

¶ 6 Appellant was tried by jury and found guilty of the Accidents Involving Personal Injury or Death charges. The jury acquitted her of the Homicide by Vehicle Charges and the trial judge found her not guilty of the summary offenses. She was sentenced to an aggregate term of one to three years in prison, fines and costs amounting to $3,500.00 and restitution in the amount of $20,000.00. Following the denial of her post sentence motions, appellant filed this timely appeal.

¶ 7 Appellant raises five issues in her brief, most of which focus on the sufficiency of the evidence to support her convictions. Her first two claims are based on her assertion that there were actually two separate accidents in this case and she was involved only in the first one. Appellant reasons that the only accident from which she could be deemed to have fled was the "first accident," that is, the one between her Intrepid and the Durango, which caused only property damage to the vehicles. She insists that it was the "second accident," the collision between the Durango and the pick-up truck, that caused both the personal injuries to Taylor and her children and the deaths of the occupants in the pick-up truck. As a result, she cannot be held to have left the scene of an accident involving personal injury or death.

¶ 8 A sufficiency claim prompts us to "determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt." *Commonwealth v. Clark,* 761 A.2d 190, 192 (Pa.Super.2000). As an appellate court,

we do not assess credibility nor do we assign weight to any of the testimony of record. Instead, we review the totality of evidence offered at trial to determine if it lends adequate support to the verdict. *See Commonwealth v. Cassidy,* 447 Pa.Super. 192, 668 A.2d 1143, 1144 (1995) (noting that this court "may not weigh the evidence and substitute [its] judgment for the fact-finder").

¶ 9 Appellant devotes a substantial portion of her brief to recounting her own testimony at trial and that of her expert, which testimony was offered to establish that the impact between appellant's Intrepid and Taylor's Durango could not have been the cause of the second impact between the Durango and the pick-up truck. Appellant insists that there were two separate accidents on that morning and that she was not involved in the second one. While this alternate theory indeed was proffered by appellant by way of personal and expert testimony, it apparently was not accepted by the fact finder. Instead, the jury chose to believe the Commonwealth's version of events, at least in part, in reaching the conclusion that appellant was involved in an accident that resulted in injury or death.

¶ 10 In support of its theory, the Commonwealth offered the testimony of Corporal Thomas Laino, an accident reconstruction expert. Corporal Laino testified that the physical evidence at the scene and his own investigation established that appellant crossed over into the opposing lane of traffic and struck Taylor's Durango, causing Taylor to lose control and collide head on with the vehicle directly behind appellant. The chain of events occurred within seconds.[4] Corporal Laino relied on photo-

---

4. Even appellant's expert, Steven W. Rickerd, characterized the impact between the Durango and the pick-up truck as occurring "imme-

diately" after appellant's impact with the Durango. In addition, Rickerd described the

graphs of the extensive damage evident on appellant's Intrepid. He drew the jury's attention to a hinge and bolt on the side of the car that was exposed when the Intrepid's driver's side door was peeled away as a result of the impact. According to Corporal Laino, the bolt caused a tire blow out on the Durango, which, along with the sheer force of the impact, contributed to Taylor's inability to control her vehicle.

¶ 11 While appellant certainly attempted to convince the jury that the two collisions in this case were unrelated, the evidence presented by the Commonwealth established otherwise. Of course the jury was free to believe all, part or none of the evidence that the parties presented and we are not in a position to disturb its findings. *Commonwealth v. Hilfiger*, 419 Pa.Super. 450, 615 A.2d 452, 456 (1992).

¶ 12 Because there is evidence of record that establishes appellant's involvement in an accident that resulted in injury and death, her sufficiency claim must fail.

¶ 13 Appellant next claims that the jury's acquittal on the homicide by vehicle charges shows that the jury did not accept the Commonwealth's theory. At most, appellant's claim is simply that the verdicts are inconsistent. We need not consider whether the verdicts are inconsistent because inconsistency of verdicts would grant no benefit to appellant:

> [I]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal.
> Consistency in verdicts in criminal cases is not necessary.... "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks

upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is evidence to support the verdict.

*Commonwealth v. Petteway*, 847 A.2d 713, 718 (Pa.Super.2004) (citations omitted).

¶ 14 Appellant also draws our attention to the fact that none of the Commonwealth's eyewitnesses saw the impact between the Intrepid and the Durango. This fact is irrelevant to the sufficiency inquiry, particularly since appellant conceded that her car and the Durango made contact [5] and the photographic evidence established same.

¶ 15 Still in the context of sufficiency, appellant next claims that the Commonwealth failed to prove she had the requisite *mens rea* for the crime of which she was convicted. We find that she cannot prevail.

¶ 16 A brief history of events relevant to this claim is appropriate here. Following appellant's conviction, but prior to her sentencing and the expiration of her right to file post sentence motions, a panel of this Court decided *Commonwealth v. Woosnam*, 819 A.2d 1198 (Pa.Super.2003). The *Woosnam* court held that § 3742 requires the same *mens rea* that 75 Pa.C.S.A. § 3743 (Accidents Involving Damage to Attended Vehicle or Property) requires. Therefore, under *Woosnam*, the Commonwealth must establish that the "driver knew or should have known" that she was

---

damage done to appellant's Intrepid as "disabling."

**5.** Appellant, supported by her expert, claimed that it was the Durango that crossed into the opposing lane of traffic, striking appellant's Intrepid.

involved in an accident involving personal injury or death. *Id.* at 1206.

¶ 17 The *Woosnam* court addressed the issue before it in the context of jury instructions because the appellant in that case had requested a jury charge setting out the *mens rea* requirement, but was denied such a charge. by the trial court. The *Woosnam* panel held that the failure of the court to give the instruction constituted reversible error because the "*mens rea* element is a necessary component" of § 3742. *Id.* at 1199.

■ ¶ 18 Appellant raised the *Woosnam* issue in her post sentence motion, not as a challenge to the jury instructions, but under a sufficiency of the evidence claim. The trial court denied the motion, in part because appellant had not challenged the jury instructions at time of trial. *See* Memorandum of Court Clerk attached to Trial Court's Order Denying Post–Sentence Motions, 9/2/03, at 3.[6] In its brief to this court, the Commonwealth likewise suggests that appellant's "failure to object to the trial court's jury instructions or to challenge the instruction's adequacy results in a waiver" of the *mens rea* issue. Appellee's Brief at 8. We do not agree.

¶ 19 *Woosnam*, which was decided while appellant's case was still within the jurisdiction of the trial court, clearly holds that the *mens rea* requirement of "knew or should have known" is an element of § 3742.[7] Therefore, the Commonwealth was bound to establish at trial that appellant had this state of mind; if the Com-

monwealth failed to do so, the evidence is insufficient as a matter of law. *See Commonwealth v. Montini*, 712 A.2d 761, 767 (Pa.Super.1998) (holding that every element of the crime charged must be established beyond a reasonable doubt). Regardless of whether appellant sought a specific jury instruction or challenged the charge actually given, she remains entitled, under *Woosnam*, to challenge the sufficiency of the Commonwealth's evidence against her by claiming a lack of proof of the *mens rea* element of the crime charged. This claim is not waived and must be addressed on the merits.

■ ¶ 20 Applying the "knew or should have known" standard to the facts of this case, we conclude that there was ample evidence of record to establish that appellant violated § 3742.

¶ 21 The record reflects that the accident took place on a clear morning on a relatively straight, flat stretch of roadway. Appellant's impact with the Durango caused such severe damage to appellant's car that it ultimately became inoperable and had to be towed away. The impact between appellant's Intrepid and the Durango was immediately followed by the Durango's head-on impact with the pick-up truck. That collision was of such magnitude that one eyewitness described it as an "explosion." The view along the roadway was described by witnesses as a clear one and a "straight shot" that allowed one to "see a long distance." There were several

---

6. The trial court judge did not file an opinion in this case despite the fact that he entered an order commanding appellant to file a Rule 1925(b) Statement of Matters Complained of on Appeal. In addition, the trial court judge did not issue an opinion when he denied appellant's *post-sentence* motions; he merely attached to his order the memorandum he received from his law clerk on the issues raised in the motions.

7. Because appellant raised the issue in a timely fashion with the trial court and her claim remains properly raised here in the Superior Court, she is entitled to application of *Woosnam* in her case. *See generally Blackwell v. Commonwealth, State Ethics Commission,* 527 Pa. 172, 589 A.2d 1094 (1991) (noting that generally, the law in effect at the time of the appellate decision is applicable in a matter if it has been preserved).

opportunities for appellant to stop her vehicle after the accident. Witnesses testified that she could have pulled off onto the roadside or into one of the several driveways along the road.[8] Finally, the jury was given an opportunity to observe appellant's demeanor as she testified, thus allowing the jurors to assess her credibility and assign weight to her version of events.

¶ 22 When viewed as it must be in the light most favorable to the Commonwealth, the evidence set out above was sufficient to establish that appellant knew or at least should have known that the accident in which she was involved also involved serious injury or death. The jury was presented with adequate evidence that appellant had the requisite *mens rea* to commit a violation of § 3742. It rejected appellant's defense and we have no authority to second guess its decision. *Hilfiger, supra.*

¶ 23 Appellant next claims that § 3742 is unconstitutionally vague because it does not define the term "scene of the accident or as close thereto as possible." We cannot agree.

> Legislation enacted by our General Assembly carries a strong presumption of constitutionality, and the "party challenging a statute's constitutionality bears a heavy burden to demonstrate that the legislation clearly, palpably and plainly violates the terms of the constitution." ... A statute is void for vagueness only where "persons of common intelligence must necessarily guess at its meaning and differ as to its application."

*Commonwealth v. Moss,* 852 A.2d 374, 380 (Pa.Super.2004) (citations omitted).

¶ 24 In her brief, appellant repeatedly states that she was unaware there had

been an accident and instead thought that she had been the victim of a hit and run. She argues that she "did not know there was a scene to return to." Appellant's Brief at 31. These assertions do not address the question of whether the statute's terms are so imprecise as to make drivers guess at their meaning. Rather, appellant is again attempting to claim no knowledge of the accident, an issue already raised and decided against her in her sufficiency claims.

¶ 25 In an effort to establish vagueness, appellant asserts that there are several possible definitions for "at the scene of the accident or as close thereto as possible." She proffers that perhaps the statute requires a driver to stop where the point of impact occurs, or where death and injury occurs, or where any of the vehicles ultimately came to rest. But appellant's efforts to inject confusion where none exists fail. The standard by which we judge vagueness claims is clear:

> [T]he void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.... Due process is satisfied if the statute provides reasonable standards by which a person may gauge his future conduct.

*Commonwealth v. Mayfield,* 574 Pa. 460, 467, 832 A.2d 418, 422 (2003).

¶ 26 Upon review, we conclude that the term "scene of the accident or as close thereto as possible" simply is not a confusing term. Section 3742 provides a reason-

---

8. Appellant claimed that high weeds prevented her from stopping her car by the side of the road, but the Commonwealth presented photographs that showed the condition of the roadside at the time of the accident. The prosecution argued that appellant could have stopped but chose to continue driving.

able standard by which drivers may gauge their conduct. Like the court in *Moss,* "we fail to see how persons of common intelligence would be forced to guess at the meaning and application of [§ 3742], and, therefore, we conclude that it is not void for vagueness." *Moss,* 852 A.2d at 381.

¶ 27 Appellant's final claim is that if the language of § 3742 is not unconstitutionally vague, she "substantially complied" with its terms and so cannot be held to have violated the law. Essentially, appellant claims that her conduct of proceeding to Cherry Hill Road, stopping there and then contacting authorities via 911, constitutes substantial compliance with § 3742's requirement to stop as close to the scene as possible. In support of her claim, appellant relies primarily on a license suspension case decided by the Commonwealth Court in 1972.[9]

¶ 28 This Court has recognized substantial compliance as a defense to violation of § 3742. In *Commonwealth v. Long,* 831 A.2d 737 (Pa.Super.2003), the panel explained that a claim of substantial compliance is essentially a challenge to the sufficiency of the evidence and, further, the entire record is relevant in determining whether substantial compliance has been established. *Id.* at 740. Included in that inquiry is the deference to be paid to the jury's credibility findings. *Id.*

¶ 29 Here, appellant makes repeated reference to her version of events in an effort to establish substantial compliance. She argues that she was unaware of the accident and that she thought it was a hit and run. This evidence, if believed, certainly would allow the jury to decide that appellant had substantially complied with the law. But contrary evidence offered by the Commonwealth, which is set out above in detail, was apparently accepted by the jury in lieu of appellant's claims. Because there is evidence of record militating against substantial compliance, and because the jury was free to accept that evidence as true, appellant is not entitled to relief on this claim.

¶ 30 Finding no issues of merit in this appeal, we are compelled to affirm.

¶ 31 Judgment of sentence affirmed.

---

9. In *Commonwealth v. Stamoolis,* 6 Pa. Cmwlth. 617, 297 A.2d 532 (1972), the court held that a driver had substantially complied with the dictates of § 3742 despite the fact that he drove one and one half miles from the accident scene in search of a safe parking place.