J-S14028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARL LEONARD VARNER | |
| Appellant | No. 208 MDA 2015 |

Appeal from the Judgment of Sentence January 7, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0002100-2012

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 26, 2016**

Appellant, Carl Leonard Varner, appeals from the judgment of sentence entered after a jury convicted him of first degree murder and 25 associated charges. Varner challenges the sufficiency of the evidence supporting his murder conviction, the trial court's refusal to appoint an expert witness for him, and the trial court's failure to issue a curative jury instruction after the prosecutor accused him of implying that police had planted evidence in his home. After careful review, we affirm.

We glean the following factual and procedural history of this case from the certified record. During the evening of October 22, 2012, two men forced their way into a residence in Chambersburg by brandishing firearms. This

---

[*] Former Justice specially assigned to the Superior Court.

residence was home to at least eight men, six of whom were present at the time. None of those present in the home at the time of the break-in spoke English.

After breaking in, the two assailants demanded to see "El Gallo," meaning "the rooster." Finding no satisfaction from the victims' responses, the two men separated the victims into different bedrooms in the home. Both assailants proceeded to rob the victims. One assailant, later identified as Jason Shauf, fired a shotgun into the ceiling when his demands to see "El Gallo" were not met. The other assailant, after robbing Hugo Olguin and Augustin Marquez, shot Olguin in the neck with .22 caliber revolver, ultimately resulting in Olguin's death.

After an investigation, police arrested Shauf and Varner. Pursuant to a search warrant, police found a .22 revolver and a .410 shotgun in the basement of Varner's residence.

At trial, several of the victims identified Varner as the man who shot Olguin, as did Shauf. After the jury convicted Varner on 26 charges, the trial court sentenced him to a life sentence plus 44 to 88 years of incarceration. This timely appeal followed.

Varner first argues that the evidence presented at trial was insufficient to support his conviction for first-degree murder. However, a close review of Varner's argument indicates that he is challenging the sufficiency of the evidence to establish his identity as the shooter, not the sufficiency to

support any of the elements of the crime of homicide. We therefore will focus our analysis on the overarching issue of identity.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. **See id**. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. **See id**.  As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. **See Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted).

Varner argues that the eyewitness identifications are insufficient to establish that he was the shooter in the face of evidence that no gunshot residue was found on him when he was arrested, while gunshot residue was found on Shauf. However, this argument is properly classified as a weight of the evidence claim, as it asks us to re-weigh the evidence presented to the jury. Even assuming its validity under a sufficiency claim, we note that the Commonwealth presented significant additional evidence to establish that Varner was the shooter.

Shauf testified that Varner entered the Chambersburg residence with him on the night of the crime. *See* N.T., Trial, 12/15/14, at 132. Varner was armed when they entered the residence. *See id*., at 128. After they entered, Varner brandished his firearm and went upstairs with two people. *See id*., at 134-136. Shauf then heard two gunshots from upstairs, and Varner subsequently ran down the stairs. *See id*., at 136-139. In addition, the Commonwealth presented evidence that a .22 pistol found wrapped in a bandana in Varner's residence was the murder weapon. *See* N.T., Trial, 12/12/14, at 21. This evidence, independent of the eyewitness identifications, was sufficient to identify Varner as the assailant who shot Olguin. Varner's first issue on appeal thus merits no relief.

Next, Varner contends that the trial court erred in denying his pre-trial motion to appoint an expert on eyewitness testimony to testify for him at trial. The trial court states that it denied the motion on two grounds. First,

that it was untimely, and second, that the Commonwealth's case did not rely primarily on eyewitness testimony. We agree with the trial court that the motion was untimely, and furthermore, that Varner has not presented any good cause for the late filing.

On October 22, 2014, the trial court held the final pre-trial conference. At the end of the conference, the court entered a scheduling order. In this order, the trial court set trial to begin on December 8, 2014. Furthermore, the trial court ordered that all remaining motions were to be filed before November 3, 2014. Varner filed his motion to appoint an expert on eyewitness testimony on November 24, 2014. This was patently untimely, and a mere two weeks before the scheduled start of trial. Varner makes no attempt to justify this late filing. We therefore agree with the trial court that the motion was properly denied as untimely.

In his final issue on appeal, Varner argues that the trial court erred in refusing to give a curative instruction regarding the prosecutor's closing argument. During trial, the prosecutor questioned Varner about his assertion that he did not know who had placed the firearms that were found in his basement. When the prosecutor explicitly asked Varner whether he believed that the police had placed the firearms, he responded, "[n]ot to be disrespectful, I have no idea who planted them there. To say the police, why would I say that?" N.T., Trial, 12/15/14, at 83.

During his closing argument, the prosecutor provided the following description of Varner's testimony:

> He also said the evidence was planted, he's been set up. Why is he set up? Who planted the evidence? The suggestion by his attorney moments ago was that … Shauf set him up, planted the evidence there. This criminal mastermind did that.
>
> I asked him if he's trying to say police did that. He smiled. I hope you remember his look when I said that. He gave a little smile and said he's not dumb enough to say that. He's dumb enough to imply it. That's what he's trying to imply. He wouldn't say it because he knew that would look bad. That's the implication.

N.T., Trial, 12/17/14, at 11. And later:

> Worked up about this. Cops planted evidence. I don't like that. I don't like that suggestion. And I hope you don't either. I hope it doesn't play. I don't think it will. That's desperate. That's not happening here.

*Id*., at 118.

Varner subsequently[1] requested a curative instruction, asserting that the prosecutor had argued facts not in evidence when he contended that Varner had implied that the police had planted evidence. **See** N.T., Trial, 12/17/14, at 166. We have previously recognized that

> "[n]ot every unwise remark made by an attorney amounts to misconduct or warrants the grant of a new trial." **Commonwealth v. Carson**, 913 A.2d 220, 242 (Pa. 2006).

_____

[1] Varner objected before the trial court gave the jury its final instructions. The trial court denied the request for a curative instruction. All parties agree that this is an accurate statement of the timeline, even though Varner's request does not appear in the transcript until after the final instruction was given to the jury. **See** N.T., 12/17/14, at 166-167.

"Comments by a prosecutor do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict." ***Commonwealth v. Stokes***, 839 A.2d 226, 230 (Pa. 2003), quoting ***Commonwealth v. Fisher***, 813 A.2d 761, 768 (Pa. 2002).

Furthermore, according to the Pennsylvania Supreme Court in ***Commonwealth v. Chmiel***[, 889 A.2d 501, 543-44 (Pa. 2005)]:

> In determining whether the prosecutor engaged in misconduct, courts must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. It is well settled that the prosecutor may fairly respond to points made in the defense closing. A remark by a prosecutor, otherwise improper, may be appropriate if it is in [fair] response to the argument and comment of defense counsel. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

***Commonwealth v. Collins***, 70 A.3d 1245, 1252-53, *appeal denied*, 80 A.3d 774 (Pa. 2013). We agree with the Commonwealth and the trial court that the prosecutor's argument in this respect, even if assumed to be inappropriate, did not so prejudice the jury as to prevent it from rendering a true and fair verdict. Varner's final issue on appeal therefore merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2016

- 7 -