J-S31011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| VERONICA ANN MOATE | |
| Appellant | No. 1011 WDA 2016 |

Appeal from the Judgment of Sentence April 7, 2016
In the Court of Common Pleas of Cameron County
Criminal Division at No(s): CP-12-CR-0000040-2014

BEFORE:  PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 14, 2017**

A jury convicted Appellant, Veronica Ann Moate, on two charges of resisting arrest and found her not guilty of one charge of aggravated assault. She received a sentence of two years of probation. These charges arose from an incident where Emporium Borough Police Officers deployed a taser at Moate three separate times while trying to subdue her son, Jacob Moate, who was suspected of driving under the influence ("DUI"). On appeal, Moate raises five separate challenges to her judgment of sentence, including a claim of after-discovered video evidence and challenges to the weight and sufficiency of the evidence at trial. After careful review, we affirm.

At trial, officer Patrick Straub testified to the following events. On August 9, 2014, the Emporium police department received reports that Jacob Moate had driven his vehicle through a local school playground at a

high rate of speed. Officers quickly pulled Jacob's vehicle over in front of his mother's home and began questioning him.

While police were continuing their investigation, Moate emerged from her home and approached her son's vehicle. At this time, officers were requesting that Jacob alight from his vehicle to perform field sobriety testing. Moate proceeded to place herself between officers and the driver's side door of Jacob's vehicle, demanding to know why Jacob was under arrest.

Officers instructed Moate to move away from the vehicle, but Moate refused. Jacob exited from his vehicle, but remained behind his mother. While the standoff continued, Jacob climbed onto the hood of his vehicle and ran across the street. Officers quickly apprehended Jacob in the yard of the house across the street.

Jacob resisted being placed in handcuffs and engaged in a scuffle with officers. Moate approached the scuffle yelling, "Leave my son alone." Officer Straub warned her to stay away, but she continued on, approaching her son. Officer Straub disengaged from Jacob and took Moate to the ground, directing her to stay down. He then returned to assist in subduing Jacob.

Another officer had succeeded in handcuffing Jacob when Moate charged him, attempting to push the officer away from her son. Officer Straub directed her to cease interfering and tried to pull her away from the other officer.

At this point, Moate started striking and scratching officer Straub. He deployed his taser, hitting Moate with one of the two barbs. She fell backwards, and officer Straub approached her, informing her that she was now under arrest.

Moate pulled the taser barb out of her chest and proceeded to attack the officer that was subduing her son. The melee around Jacob resumed, and officer Straub utilized the "drive stun" function[1] of his taser to secure Moate's compliance. He shocked her in the back of the neck while she was face down on the ground.

After being shocked in the back of her neck, Moate declared, "Okay. I give up." Officer Straub turned his taser off. As soon as the taser was off, Moate attempted to roll back over and engage with officer Straub again. He re-activated the taser and shocked Moate again. At this point, Pennsylvania State Troopers and additional Emporium police officers had arrived on the scene and ended the fracas.

In her first issue on appeal, Moate contends that she is entitled to a new trial due to the discovery, on the eve of trial, of video recordings of the event taken by officer Straub's taser. At that time, the Commonwealth

---

[1] Officer Straub testified that this function utilizes "an electrical current that fluctuates on the front of the taser, and you press that against the body part or body area that you can." The "drive stun" function does not incapacitate the target, but causes pain. He described the "drive stun" function as a pain compliance method. **See** N.T., Jury Trial, 8/12/15, at 61-62.

presented Moate with a DVD of video taken from the taser. Officer David Merritt testified that the camera on the taser would start recording when the officer turned the taser on. *See* N.T., Post-Verdict Hearing, 12/9/15, at 18. The taser would stop recording if it was subsequently turned off. *See id*.

In a post-verdict petition for extraordinary relief, Moate argued for a new trial based upon the still photographs derived from the DVD. She argued that the Commonwealth's late production, coupled with the compressed nature of the video, did not afford her an opportunity to utilize the photographs at trial. She asserted that the photographs reveal that she was not engaged with officers, and instead, was merely standing nearby peacefully. She moved a box full of the photographs into evidence. The trial court denied her post-verdict petition, and her subsequent post-sentence motion.

On appeal, Moate argues that the late production of the taser videos necessitates a new trial. However, we cannot reach this issue. Neither the photographs nor the DVD from which they were derived are in the certified record on appeal. It is an appellant's responsibility to ensure that the certified record contains all the items necessary to review his claims. *See*, *e.g.*, *Commonwealth v. Tucker*, 143 A.3d 955, 963 (Pa. Super. 2016); *Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008). "When a claim is dependent on materials not provided in the certified record, that claim is considered waived." *Commonwealth v. Petroll*, 696 A.2d 817, 836

(Pa. Super. 1997) (citation omitted). As we are unable to review the contents of the recorded video from the taser, Moate has failed to preserve this issue for our review. Her first issue on appeal is therefore waived.

Next, Moate argues that her two convictions for resisting arrest are against the weight of the evidence presented at trial.

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (internal citations omitted).

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

***Commonwealth v. Gibbs***, 981 A.2d 274, 282 (Pa. Super. 2009) (internal quotation marks and citations omitted).

Moate argues that "[t]he evidence proffered by the police and other Commonwealth witnesses was contradictory and designed only to avoid civil accountability for the extraordinary use of force on a middle-aged, disabled

female." Appellant's Brief, at 21-22. In reviewing this challenge, the trial

court described its reasoning as follows.

> The verdicts were not astonishing or fanciful and did not outrage a sense of justice. The verdicts were amply supported by relevant and competent evidence of sufficient weight. [Moate's] positing of her interpretation of the evidence is entirely ineffectual and inconsequential. While [Moate] has promoted that there was no disparate testimony regarding [her] actions during a police investigation into a criminal episode involving her son, it was solely within the province of the jury as the finders of fact to assess the evidence and determine which of the evidence it found to be competent and credible.
>
> The evidence demonstrated that on May 9, 2014, Officers Alex Burkett and Patrick Straub of the Emporium Borough Police Department were in the course of investigating an incident involving a vehicle operated by defendant's son, Jacob Moate. After the officers had received an alert to be on the lookout for a teal Mercury Topaz being operated erratically, a traffic stop of that vehicle was made in the driveway of the residence of both [Moate] and Jacob Moate, who was the operator and sole occupant of the automobile. As a result of their investigation and interaction with Jacob Moate, the police charged him with [DUI], resisting arrest, and institutional vandalism. During the course of the investigation in the Moate driveway, [Moate] exited the house and came into close proximity to both the officers and her son. A physical confrontation then ensued which ultimately led to the filing of the charges against [Moate]. The dynamics of that confrontation were obviously at issue, but the jury was able to view the demeanor and countenance of the various witnesses and attribute the appropriate weight to all of the evidence. The testimony included not only that of Officers Straub and Burkett, but also of Emporium Police Officer and now Chief, David Merritt. The defendant, her husband, Richard G. Moate, and son Jacob Moate also testified. Moreover, neutral third-party witnesses testified as to their observations, including Melinda Arbritus, Jerry Crosby, and Harold Grimm. …
>
> This court has duly considered the applicable standard to be utilized in the analysis of the defendant's weight of [the] evidence claim. The court also had the benefit of presiding over

the August 12, 2015 jury trial. [Moate's] contention that the weight of the evidence was inadequate is untenable[.]

Trial Court Opinion, 6/21/16, at 3-4.

We can discern no abuse of the trial court's discretion in the above quoted reasoning. The court's factual summary is amply supported by the record, and the conclusions are reasonable. As such, Moate is due no relief on her second issue.

In her third issue on appeal, Moate argues that the evidence supporting her convictions for resisting arrest was insufficient. Specifically, she claims that she could not be convicted of resisting arrest because there was no evidence that she had created "a substantial risk of bodily injury to anyone." Appellant's Brief, at 22.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted).

> Here, Moate was found guilty of two counts of resisting arrest.
>
> The offense of resisting arrest is established when a 'person … with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty … creates a substantial risk of bodily injury to the public servant or anyone else, *or employs means justifying or requiring substantial force to overcome the resistance.*'

*Commonwealth v. Thompson*, 922 A.2d 926, 928 (Pa. Super. 2007) (quoting 18 Pa.C.S.A. § 5104) (emphasis supplied).

Moate focuses on the portion of the statute that requires the creation of a substantial risk of bodily injury, as she discounts the alternative basis for a conviction, the use of means justifying substantial force to overcome the resistance to arrest. Moate contends that the jury could not have found that she employed such means since the jury found her not guilty of aggravated assault. Furthermore, she asserts that such a finding would "ignore[] all of the photographic and video evidence, it ignores substantial

- 8 -

parts of testimony, and it ignores the fact that [Moate] is a middle-aged, disabled female." Appellant's Brief, at 23.

However, we agree with the trial court that none of Moate's contentions defeat the jury's prerogative to believe the testimony of officer Straub, who testified that Moate continued to resist arrest even after she had been hit by the taser twice. The jury was certainly entitled to conclude that these actions "justified substantial force," in the form of officer Straub first taking Moate to the ground, and then deploying the taser multiple times. Moate's third issue on appeal merits no relief.

Next, Moate contends that the trial court erred in denying her request to sequester officer Straub during opening arguments. "The purpose of sequestration is to prevent a witness from molding his testimony with that presented by other witnesses." **Commonwealth v. Stevenson**, 894 A.2d 759, 767 (Pa. Super. 2006) (citation omitted). The power to sequester witnesses is discretionary with the trial court. **See** Pa.R.E. 615. Thus, "a request for sequestration must be specific and supported by a showing that the interests of justice require it." **Stevenson**, 894 A.2d at 767 (citation omitted).

Moate believes that officer Straub had a motive to perjure himself in order to insulate himself and his department from civil liability for excessive use of force. Pursuant to this belief, she requested that officer Straub be sequestered:

[Defense Counsel:] … And your Honor, just a couple of other small things. Could I ask that – obviously will be a sequestration of defense but also with regard to Officer Straub, I would request that he be sequestered for the whole trial because –

THE COURT: He's the arresting officer. It's appropriate that he be here, unless the Commonwealth would acquiesce.

[Defense Counsel:] Your Honor, well, I would request that he be called first then by the Commonwealth because otherwise his testimony could be tainted.

THE COURT: And that's fine.

N.T., Jury Trial, 8/12/15, at 14-15.

The trial court concludes that Moate waived this claim, as she acquiesced to having officer Straub testify first. Straub counters that the trial court had already made its ruling on his request for sequestration, and that she made a second request to limit the damage caused by that ruling.

While Moate's construction of the exchange appears to be the most accurate, we note that **Stevenson** requires a finding of waiver. In that case, the defendant challenged the trial court's refusal to sequester an officer Absten. The **Stevenson** panel quoted the following exchange:

[Appellant's attorney]: Move to sequester, Your Honor.

[Commonwealth attorney]: Can I have Officer Absten to assist?

The Court: [Officer Absten] can stay, and everyone else is sequestered.

**Stevenson**, 894 A.2d at 767. The panel noted that "Appellant's attorney raised no objection at this point to the trial court's ruling that Officer Absten

could remain at counsel table while Officer Prilla, the Commonwealth's first witness, testified." *Id*. Based upon these circumstances, the panel concluded that Stevenson had waived "his argument that the trial court had abused its discretion by refusing to sequester the two officers at trial[.]" *Id*.

We can find no way to distinguish the objection lodged by Moate in the present case from the objection quoted in ***Stevenson***. In both instances, counsel requested sequestration. In both instances, the trial court denied the request. The ***Stevenson*** panel required an explicit objection to that ruling on pain of waiver. We therefore conclude that Moate's argument on appeal is waived.

In her fifth and final issue on appeal, Moate argues that the trial court should have granted a mistrial when the district attorney improperly inflamed the jury against her. Specifically, Moate takes issue with the district attorney's closing argument that "this is not Ferguson. Almost take it personal[ly] that the defense lawyer would make that analogy what's going on in the country. This isn't. This is our home."

> It is well established that a prosecutor is permitted to vigorously argue his case so long as his comments are supported by the evidence or constitute legitimate inferences arising from that evidence.
>
> > In considering a claim of prosecutorial misconduct, our inquiry is centered on whether the defendant was deprived of a fair trial, not deprived of a perfect one. Thus, a prosecutor's remarks do not constitute reversible error unless their unavoidable effect ... [was] to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the

> evidence objectively and render a true verdict. Further, the allegedly improper remarks must be viewed in the context of the closing argument as a whole.

***Commonwealth v. Luster***, 71 A.3d 1029, 1048 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citations omitted).

After reviewing the transcripts, we agree with the trial court's reasoning:

> This statement was not made in a vacuum however. Appellant's counsel had previously commented about the use of force by the police in the United States being "…a hot-button issue. It's a hot topic, whether police can use this kind of force on people without there being at least kind of pushback from the community or from jurors or from anybody else." It was thus appellant's counsel who opened the discussion regarding the scope and timeliness of the issue of the use of force by the police and the response by the Commonwealth's attorney was not so blatant and egregious so as to inflame the jurors and detract from their function as neutral and objective finders of fact. Indeed, alleged improper comments by the prosecutor must be viewed within the context of the conduct and remarks of the defense attorney. In the context of the case at bar, the prosecutor's comments came nowhere near warranting a mistrial.
>
> …
>
> It was not the Commonwealth's attorney who was the promoter of the issue of whether the force utilized by the police in general was a consideration for the jury, but rather defendant's counsel who drew the attention of the jurors to the issue and suggested some form of resistance or "pushback" to the use of force by the community at large or jurors in particular. In that context and despite the subliminal suspicion of outsider isolation and home field advantage, the comments of the District Attorney were not tantamount to inciting partiality, predisposition and bias or to otherwise detract from the jury's capacity to fairly and impartially weigh all the evidence and render a verdict based solely on the evidence.

Trial Court Opinion, 11/14/16, at 4-5. Also, the jury's not guilty verdict on the charge of aggravated assault, the most serious charge levied at Moate, undercuts Moate's assertion that jury did not decide this case on the facts presented to it. If the jury had been inflamed with prejudice towards out-of-county counsel, it would likely have convicted Moate of the most serious charge against her. We find no abuse of discretion in the trial court's reasoning, and therefore Moate's final issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017