J-S85022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
MICHAEL WITHROW :
:
Appellant : No. 847 WDA 2017

Appeal from the Judgment of Sentence May 11, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011311-2016

BEFORE: BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J. **FILED JUNE 05, 2018**

Michael Withrow appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his convictions for possession of a firearm without a license, and receiving stolen property.[1] We affirm.[2]

The relevant facts and procedural history of this case are as follows. Undercover police were driving an unmarked car while patrolling a high-crime neighborhood in Pittsburgh. They observed a green SUV with oversized wheels and a missing exhaust pipe driving down the road. The officers could see

_____

[1] 18 Pa.C.S.A. §§ 6106(a)(1) and 3925(a), respectively.

[2] Appellant's counsel, Jessica L. Herndon, Esquire, filed a motion to withdraw as counsel, informing us that she resigned from the Allegheny County Public Defender's Officer effective May 1, 2018. We grant the motion to withdraw. Appellant remains represented by other attorneys from that office.

passengers in the SUV repeatedly looking back at the officers' unmarked car. Before officers were able to pull over the SUV for suspected Motor Vehicle Code violations, it stopped. Two men got out, and walked to opposite sides of the street from one another. A female moved to the driver's seat and drove the SUV down the street.

The men appeared nervous, and attempted to shield the front of their bodies from the officers' view by turning away from the unmarked car. The officers believed these actions were intended to conceal objects on the front of their persons. One of the officers observed Appellant was wearing tight pants, through which he could see the L-shaped outline of what the officer immediately recognized to be a firearm. The officer believed Appellant did not look old enough to have a concealed carry permit. The officers immediately stopped Appellant and his companion, patted them down, and found a firearm in Appellant's front left pocket.

Appellant filed a motion to suppress the firearm, which the court denied after a hearing. Appellant then immediately proceeded to a bench trial on stipulated facts. The Commonwealth presented evidence the gun had been reported stolen. The parties stipulated Appellant did not have a license to carry a firearm, and the gun's owner did not give Appellant permission to use it. The court found Appellant guilty of both possession of a firearm and receiving stolen property, and sentenced him on the § 6106(a)(1) conviction to three years' probation. The court imposed no further penalty on the § 3925(a) conviction. Appellant did not file any post-sentence motions. On appeal,

Appellant challenges the court's denial of his suppression motion, and the sufficiency of the evidence to support his conviction for receiving stolen property.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (internal citations and quotation marks omitted).

There are three levels of interaction between citizens and police officers: (1) a mere encounter, (2) an investigative detention, and (3) a custodial detention. *See Commonwealth v. Fuller*, 940 A.2d 476, 478 (Pa. Super. 2007). An investigatory detention, otherwise known as a *Terry*[3] stop, permits an officer to briefly detain "an individual in order to conduct an investigation if that officer reasonably suspects that the individual is engaging in criminal conduct." *Commonwealth v. Raglin*, 178 A.3d 868, 872 (Pa. Super. 2018)

_____

[3] *Terry v. Ohio*, 392 U.S. 1 (1968).

- 3 -

(citations omitted). Mere presence in a high crime area is insufficient to support a finding of reasonable suspicion; however, a court may consider that fact in assessing the totality of the circumstances. *See In re D.M.*, 781 A.2d 1161, 1163-1164 (Pa. 2001).

If at any point during this investigatory detention, an "officer believes, based on specific and articulable facts, that the individual is armed and dangerous" the officer may perform a *Terry* frisk. *Commonwealth v. Stevenson*, 894 A.2d 759, 772 (Pa. Super. 2006) (citation omitted). "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." *Commonwealth v. Simmons*, 17 A.3d 399, 403 (Pa. Super. 2011) (citations omitted). "The fundamental inquiry" in reviewing the officer's decision "is an objective one," utilizing "a totality of the circumstances test." *Commonwealth v. Griffin*, 954 A.2d 648, 651 (Pa. Super. 2008) (citations omitted).

One of the arresting officers testified at the suppression hearing. He stated he was patrolling a high-crime area with other undercover officers, when an SUV that appeared to be in violation of several Vehicle Code regulations caught his attention. *See* N.T., Suppression Hearing, 5/10/17, at 4. Before the officers were able to conduct a traffic stop, the SUV pulled over, and Appellant and another man got out. *See id*., at 5. The men made evasive motions, turning away from the officers in an apparent effort to hide an object or objects in their front pockets. *See id*. The officer testified he could see the

outline of what he immediately recognized as a firearm through Appellant's tight clothing, and he did not believe Appellant looked old enough to have a license to carry a concealed weapon. *See id*., at 12. The officers then stopped Appellant and his companion, and patted them down for weapons. *See id*., at 11. After discovering Appellant was carrying a firearm and did not have a license to carry a concealed weapon, the officers arrested him.

Based on the foregoing, the totality of the circumstances support the officers' stop and frisk of Appellant. Thus, we find the court did not abuse its discretion by denying Appellant's motion to suppress.

Appellant also argues the Commonwealth failed to present sufficient evidence that Appellant knew the gun was stolen. We disagree.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). "As an appellate court, we do not assess credibility nor do we assign weight to any

of the testimony of record." *Id*. (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted). Evidence is weak and inconclusive "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances…." *Commonwealth v. Woong Knee New*, 47 A.2d 450, 468 (Pa. 1946). However, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (citations omitted).

A conviction for receiving stolen property requires the Commonwealth prove the defendant "intentionally receive[d], retain[ed], or dispose[d] of movable property of another knowing that it [had] been stolen, or believing that it [had] probably been stolen[.]" 18 Pa.C.S.A. § 3925(a). Mere possession of a stolen object, without more, is insufficient to establish guilty knowledge. *See Commonwealth v. Foreman*, 797 A.2d 1005, 1012 (Pa. Super. 2002). Circumstantial evidence that may support an inference of such knowledge includes the length of time between the theft and the discovery of the stolen property, as well as

> the place or manner of possession, alterations to the property indicative of theft, the defendant's conduct or statements at the time of arrest (including attempts to flee apprehension), a false explanation for the possession, the location of the theft in comparison to where the defendant gained possession, the value

- 6 -

of the property compared to the price paid for it, or any other evidence connecting the defendant to the crime.

***Commonwealth v. Robinson***, 128 A.3d 261, 268 (Pa. Super. 2015) (*en banc*) (citations omitted).

Here, the Commonwealth presented evidence at trial that the gun's owner reported it stolen. Both parties stipulated that if called to testify, the owner would state Appellant did not have his permission to use the gun. ***See*** N.T., Trial, 5/11/17, at 18. One of the arresting officers testified he could see Appellant and his companion repeatedly looking back at them through the windows of the SUV. ***See id***., at 5. After alighting from the SUV, the officer stated Appellant looked nervous—and he attempted to shield the front of his body from view. ***See id***., at 6.

In its opinion, the trial court states it rejected defense counsel's argument that the Commonwealth failed to demonstrate the knowledge element of the receiving stolen property offense because it "ultimately determined [Appellant] would necessarily have known the gun wasn't his. The attendant circumstances – including [Appellant's] age of 18 (thus being unable to legally possess a concealed weapon) and his evasiveness with the police officers – all support this [c]ourt's determination." Trial Court Opinion, filed 10/17/17, at 6.

By itself, Appellant's possession of the firearm does not establish he knew it was stolen. However, the court permissibly inferred that knowledge based on the circumstances and his accompanying behavior. Appellant behaved evasively: he exited the car after he and his companion believed they

were being followed and attempted to shield the front of his body from the officers, in order to hide the firearm. Coupled with Appellant's age—18 years old—[4]the circumstances support the finding that Appellant knew the gun had been stolen, or believed it probably had been stolen.

Thus, we find the evidence supporting Appellant's receiving stolen property conviction to be sufficient, and we affirm his judgment of sentence.

Judgment of sentence affirmed. Motion granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2018

---

[4] Apart from exceptions not pertinent here, "a person under 18 years of age shall not possess or transport a firearm anywhere in this Commonwealth." 18 Pa.C.S.A. § 6110.1(a). "Firearm" is defined, in pertinent part, as "[a]ny pistol … with a barrel length less than 15 inches…." 18 Pa.C.S.A. § 6102.