J-A28028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IDRISSOU DIAWARA | : | |
| | : | |
| Appellant | : | No. 662 EDA 2017 |

Appeal from the Judgment of Sentence January 17, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007393-2015

BEFORE: GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 21, 2018**

Idrissou Diawara appeals from the judgment of sentence entered after a jury convicted him of, among other things, possession of marijuana with the intent to deliver ("PWID"). He raises two claims on appeal. First, that the evidence at trial was insufficient to establish his intent to distribute the marijuana. Second, he argues the Commonwealth's characterization of his mobile phone as a "burner" was unduly prejudicial. After careful review, we affirm.

Diawara first contends the circumstances of his possession of approximately 33 grams of marijuana do not support an inference he intended to distribute it. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences

therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted). Evidence is weak and inconclusive "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances…." *Commonwealth v. Woong Knee New*, 47 A.2d 450, 468 (Pa. 1946). However, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (citations omitted).

To sustain a conviction for PWID, the Commonwealth must prove the defendant possessed the controlled substance, and that he intended to deliver

the controlled substance. **See** 35 P.S. § 780-113(a)(30). **See also**

**Commonwealth v. Bostick**, 958 A.2d 543, 560 (Pa. Super. 2008).

> The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. Factors which may be relevant in establishing that drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

**Commonwealth v. Aguado**, 760 A.2d 1181, 1185 (Pa. Super. 2000) ( internal citations omitted).

The Commonwealth presented the following evidence at trial. Diawara lived with two other roommates in on-campus housing at Cabrini College. The resident assistant noticed an odor of marijuana emanating from the room, and contacted the Assistant Director for Resident Life, Akirah Massenburg. **See** N.T., 11/9/16, at 104.

Massenburg knocked on the door and found Diawara's two roommates in the room with an empty alcohol bottle. **See id**., at 105. The roommates consented to a further search of the room. **See id**., at 106. Massenburg discovered remnants of marijuana on Diawara's desk. **See id**.

Massenburg directed the roommates to call Diawara and have him return to the room. **See id**., at 107. When he arrived, campus authorities asked if he had any marijuana. **See id**., at 109. After initially denying possessing any marijuana, Diawara opened up his desk drawer. **See id**. Inside, campus authorities found five bags of marijuana totaling 33 grams, a roll of cash totaling $544, and paraphernalia for rolling cigars and cigarettes. **See id**.; N.T. 11/10/16, at 9, 16, 29.

They also found Diawara in possession of two mobile phones. *See* N.T., 11/10/16, at 10-11. One phone was "an older model flip phone," while the other was an iPhone. *Id*., at 10. Officer Jagodinski provided his expert opinion that Diawara was dealing marijuana based upon the circumstances. *See id*., at 29. He noted the multiple plastic bags, the money, and the presence of the second mobile phone. *See id*., at 29-30. He opined the flip phone was "a burner," which dealers would use to stay anonymous. *Id*.

This evidence was sufficient, if believed, to support Diawara's conviction for PWID. While Diawara provides several compelling arguments that the evidence could support a finding of mere recreational possession, these arguments are challenges to the credibility determinations of the jury. As noted previously, we may not re-weigh the evidence on appeal.

Diawara makes much of the fact that the police found just 33 grams of marijuana – only 3 grams more than the cap for the crime of possession of a small amount of marijuana. *See* 35 P.S. § 780-113(a)(31). However, it is *more* than that cap. Under all the circumstances, the jury was certainly entitled to find that he was involved in dealing marijuana on campus. Diawara's first issue on appeal merits no relief.

In his second and final issue on appeal, Diawara challenges officer Jagondinski's characterization of the flip phone as a "burner." However, Diawara does not support this issue with any discussion in the argument section of his brief. The issue is therefore waived. *See Commonwealth v. Simmons*, 56 A.3d 1280, 1286 (Pa. Super. 2012) (finding argument in

appellate brief which lacked citations to pertinent authority waived issue for this Court's review under Pa.R.A.P. 2119(a)).

As neither of Diawara's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/18