**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ADAMS | : | |
| | : | |
| Appellant | : | No. 2061 EDA 2016 |

Appeal from the Judgment of Sentence June 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012394-2013

BEFORE: BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.    **FILED AUGUST 02, 2018**

David Adams appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his conviction for unlawful contact with a minor (sexual offenses). Adams contends that the Commonwealth introduced insufficient evidence to support his conviction. We affirm.

On September 5, 2013, Appellant was charged with numerous offenses stemming from allegations of sexual abuse by his juvenile niece, C.A. Specifically, C.A. alleged that Appellant raped her on three separate occasions in 2012. C.A. was just ten years old in 2012.

On January 20, 2016, Appellant proceeded to trial on the charges of rape of a child and unlawful communication with a minor.[1] Following the presentation of evidence, including the testimony of C.A., the jury convicted Appellant of unlawful contact with a minor (sexual offenses).[2] The trial court sentenced Appellant to six to fourteen years' imprisonment. This timely appeal follows.

Appellant's sole challenge on appeal is to the sufficiency of the evidence underlying his conviction. Specifically, Appellant contends the evidence was insufficient as "there [was] a lengthy period of time between the alleged incident and any disclosure by the complainant and the details of the alleged incident [by complainant] were vague[.]"Appellant's Brief, at 3 (capitalization omitted). However, neither arguments go to sufficiency of the evidence. These are weight of the evidence claims. **See Commonwealth v. Snoke**, 580 A.2d 295, 298 (Pa. Super. 1990) (finding the timing of a complaint of sexual abuse is a factor bearing upon the credibility of the witness); **see also Commonwealth v. Palo**, 24 A.3d 1050, 1055 (Pa. Super. 2011) (claims directed entirely at the credibility of a witness challenge the weight, not the sufficiency, of evidence). As Appellant has not properly raised a weight claim

---

[1] The Commonwealth withdrew all other charges against Appellant prior to trial. **See** N.T., Trial, 1/27/17, at 5.

[2] The jury was unable to reach a unanimous decision on the rape of a child charge.

on appeal, these specific arguments are waived. *See* Pa.R.Crim.P. 607(A)(1)-(3).

Appellant, however, does purport to challenge the sufficiency of the evidence through his assertion that the lack of physical evidence defeats his conviction.[3] *See* Appellant's Brief, at 3, 13-14. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb

---

[3] To the extent Appellant is attempting to argue that the lack of physical evidence weakens the Commonwealth's case, this claim goes to the weight of the evidence, rather than the sufficiency. As discussed above, Appellant failed to preserve any challenges to the weight of the evidence.

the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted).

An individual commits unlawful contact with a minor if "he is intentionally in contact with a minor … for the purpose of engaging in activity prohibited under Chapter 31 (relating to sexual offenses)." 18 Pa.C.S.A. § 6318(a)(1). Despite Appellant's assertion to the contrary, this crime does not require that the Commonwealth present *any* physical evidence of the underlying sexual offense in order to sustain a conviction. This claim is utterly frivolous. As Appellant does not challenge the Commonwealth's evidence relating to any *actual* element of this offense, his sufficiency claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/18