J-S76003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY RIDELL WASHINGTON | : | |
| | : | No. 969 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence November 28, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000871-2016

BEFORE: PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 27, 2018**

Ricky Washington raises three challenges to the judgment of sentence entered after a jury convicted him of, among other crimes, burglary, aggravated assault, and possession of an instrument of crime. He argues first the evidence at trial was insufficient to establish the broom he beat the victim with was a deadly weapon. Second, he contends the trial court should have declared a mistrial after the prosecutor noted that a recording of Washington was from a "prison call." Finally, he argues the trial court abused its discretion in imposing consecutive sentences. We conclude none of Washington's issues on appeal merit relief, and therefore affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

In his first two issues on appeal, Washington contends the evidence at trial was insufficient to support his conviction for aggravated assault. Washington's well-crafted argument centers on the definition of "deadly weapon," as used in the aggravated assault statute, 18 Pa.C.S.A. § 2702. Washington asserts the Commonwealth failed to present sufficient evidence to establish the hollow, metal broomstick used to strike the victim in the thigh was a deadly weapon.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Id*. (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*,

916 A.2d at 661 (citation omitted). Evidence is weak and inconclusive "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances…" *Commonwealth v. Woong Knee New*, 47 A.2d 450, 468 (Pa. 1946).

In relevant part, the Crimes Code defines "deadly weapon" as "any … device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S.A. § 2301. Washington contends the hollow, metal broomstick he used to strike the victim in the left thigh cannot satisfy this definition.

For purposes of this issue, the following factual background is uncontested. Washington broke into the home of his female cousin, Renee Byrd, and proceeded to beat Byrd and her friend, Chekesha Pate, with his fists while threatening to kill Byrd. At some point during the beating, he picked up a broom with a hollow, metal handle and repeatedly struck Pate on her thigh with the handle.

The force of the blow bent and split handle in two. Pate suffered a large bruise to her thigh. She had difficulty walking for several days after the assault, as the bruise caused severe pain.

Washington correctly argues that case law interpreting the deadly weapon enhancement in the sentencing guidelines is not controlling. As he observes, § 2301 requires the device be "calculated or likely to" cause death or serious bodily injury. In contrast, the deadly weapon sentencing

enhancement, codified at 204 Pa. Code § 303.10, requires only that the device be "capable of" causing death or serious bodily injury. However, that this precedent is not controlling does not mean it is not instructive. Furthermore, this distinction does not work only to Washington's benefit.

We conclude the policy concerns highlighted in the sentencing enhancement cases are broadly applicable here. For instance, this Court has held that an analysis of dosage is not necessary to conclude that poison is a deadly weapon. *See Commonwealth v. Raybuck*, 915 A.2d 125, 129 (Pa. Super. 2006). "[T]he amount of poison [Raybuck] added to the sandwich was apparently insufficient to actually cause serious bodily injury …." *Id*. Thus, poison, as used there, was not capable of causing serious bodily injury. However, the defendant's admitted intent to poison her husband, combined with the inherent nature of poison, was a sufficient basis to conclude the poison was a deadly weapon. *See id*.

If § 2301 omitted the term "calculated," Washington's argument would carry more force. In that case, we would be required to determine whether the metal broomstick was "likely" to cause serious bodily injury. The rationale employed in *Raybuck* would not be very relevant to the decision. But § 2301 also allows a fact-finder to conclude a device is a deadly weapon when it is "calculated to" cause serious bodily injury. This is directly in line with the reasoning employed by *Raybuck*.

While Washington did not concede he intended to kill or cause serious bodily injury to Pate, the Commonwealth presented evidence capable of establishing this intent. Byrd testified Washington yelled, "I'll kill you[.]" N.T., Jury Trial, 9/14/16, at 117. Furthermore this was a beating, not a one-off strike. Washington struck both Pate and Byrd multiple times with his fists. ***See id.***, at 108-118. He stuck Pate repeatedly with the broomstick. ***See id.***, at 109.

Under these circumstances, we conclude the jury was justified in finding that the manner in which the broomstick was used – repeatedly striking the victim – was "calculated to" cause serious bodily injury. Washington's first two issues on appeal merit no relief.

In his third issue, Washington argues the trial court erred in failing to grant a mistrial when the prosecutor noted, in front of the jury, that a recording came from a "prison call." Importantly, the parties had agreed to redact all references to imprisonment from the recording before presenting it to the jury. The trial court held a sidebar before the recording was presented to the juy to ensure redaction had occurred. However, before the recording was presented to the jury, the prosecutor moved to have a transcript of the recording marked as evidence and referred to it as "a transcript of the prison call[.]" N.T., Jury trial, 9/15/16, at 169-170. At the time, defense counsel made no objection, nor is there any evidence that Washington or his counsel heard this statement.

Later, after the court had ruled on Washington's motions for acquittal, the court recalled counsel to a sidebar. The court observed, "I think I heard you [prosecutor] say when you stood up about the call, you used the term prison call. I think you may have said that. I don't know if you caught it." *Id*., at 188-189. The prosecutor responded that if she had said prison call, it was inadvertent. *See id*., at 189. Defense counsel noted Washington would have said something about the statement if he had heard it. *See id*.

After the court reporter confirmed the prosecutor had used the term "prison call," the court summoned counsel to another sidebar. Defense counsel requested a mistrial. The prosecutor suggested an instruction to the jury indicating the call occurred while Washington was imprisoned awaiting trial in this case. The court denied the request for a mistrial, noting, "I don't think anyone really knew you said it. I don't even think the jury did. … I just picked up on it because I was paying very, very close attention[.]" *Id*., at 211. The court instructed the jury "you can't infer one iota whatsoever which party, which individual was in jail and which individual was not in jail. The fact that one of the persons to the conversation was incarcerated is not to be considered by you as evidence against Mr. Washington whatsoever." *Id*., at 213.

The trial court did not err. It is undisputed the comment was brief, and not utilized in argument. Neither defense counsel nor Washington heard it. This supports the trial court's conclusion that the jury did not notice the

prosecutor's description. Furthermore, "there is no rule in Pennsylvania which prohibits reference to a defendant's incarceration awaiting trial or arrest for the crimes charged." ***Commonwealth v. Johnson***, 838 A.2d 663, 680 (Pa. 2003) (citation omitted). Finally, the court instructed the jury to disregard the fact that it was a prison call. We presume the jury followed these instructions. ***See Commonwealth v. Miller***, 819 A.2d 504, 513 (2002). Washington's third issue on appeal merits no relief.

In his fourth and final issue, Washington asserts the court abused its discretion in imposing consecutive sentences. Washington concedes this argument raises a challenge to the discretionary aspects of his sentence. ***See*** Appellant's Brief, at 17. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "Two requirements must be met before we will review this challenge on its merits." ***Id***. (citation omitted).

"First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Id***. (citation omitted). ***See also*** Pa.R.A.P. 2119(f). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violated either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular

fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted). Here, Washington has preserved his arguments through a post-sentence motion and his appellate brief contains the requisite Rule 2119(f) concise statement.

In his concise statement, Washington argues the court failed to consider his rehabilitative needs when it imposed consecutive sentences. Further, he contends the court failed to properly weigh certain mitigating facts. He concedes the individual sentences are within the standard range of the sentencing guidelines.

This concise statement fails to present a substantial question. ***See***, ***e.g.***, ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 (Pa. Super. 2013) ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected."); ***Commonwealth v. Moury***, 992 A.2d 162, 171-172 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a

substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.") We do not believe the aggregate sentence imposed, 8½ to 17 years of imprisonment, is unduly harsh. Washington was convicted of breaking into a home and proceeding to beat two women over an extended time. Thus, Washington's final argument on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/18