J-S09017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSE R. PENA | : | |
| Appellant | : | No. 1022 MDA 2017 |

Appeal from the Judgment of Sentence May 25, 2017
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
7925 of 2015

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 03, 2018**

Jose R. Pena appeals from the judgment of sentence entered on May 25, 2017, after the trial court found him guilty of a second instance of indirect criminal contempt. Pena's counsel, Christine Trout, Esq. ("Counsel"), has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), together with a Petition For Leave to Withdraw as Counsel. Upon review, we grant Counsel's Petition to Withdraw and affirm Pena's judgment of sentence.

The certified record provides the following factual background. The complainant ("Mother") and Pena have four children together. On November 23, 2016, the trial court entered an order awarding Mother sole legal and primary physical custody of the children. Mother obtained a protection from

_____

* Retired Senior Judge assigned to the Superior Court.

abuse order ("PFA") against Pena, effective from August 13, 2015, until August 13, 2018.

On April 25, 2017, Mother brought her children to the YMCA, at approximately 8:30 a.m., so they could be bused to daycare. An employee of the YMCA, Ms. Taylor Light, informed Mother that Pena was lurking outside and volunteered to walk Mother to her car. Once Ms. Light walked away, Pena approached Mother shouting and cursing saying "payback is a bitch." Mother crossed the street, Pena followed approaching closer. Pena told Mother, "I hope you fucking crash." Mother testified that she felt frightened because Pena had hurt her before.

Two days following this incident, Mother filed a police report and Pena was charged with indirect criminal contempt for violating the PFA. After conducting a hearing on May 25, 2017, the trial court found Pena guilty and sentenced him to six months' incarceration. The PFA against Pena was also extended until May 25, 2020. Pena filed a post-sentence motion, which the trial court denied on June 8, 2017.

Pena filed the instant timely appeal and the trial court directed him to file a Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal. In response, Counsel filed what amounts to be a Pa.R.A.P.

1925(c)(4) statement of intent to file a petition to withdraw.[1]  On December 19, 2017, Counsel filed a petition to withdraw, along with an ***Anders*** brief, wherein she concluded that Pena's sufficiency of the evidence claim was frivolous and that she could discern no other meritorious issues to raise on appeal. Pena filed no response to Counsel's bid to withdraw, either *pro se* or through privately obtained counsel.

Prior to addressing the issue presented on appeal, we must consider Counsel's petition to withdraw. ***See Goodwin***, 928 A.2d at 290. In order to comply with the dictates of ***Anders*** and ***Santiago,*** counsel must file a brief that meets the following requirements:

> (1)  provide a summary of the procedural history and facts, with citations to the record;

---

[1] We note that Counsel labels her statement as a Rule 1925(b) statement rather than a Rule 1925(c) statement of "intent to file an ***Anders/McClendon*** brief in lieu of filing a [Rule 1925(b)] Statement." Pa.R.A.P. 1925 (c)(4).  Accordingly, the trial court found any issue raised by Pena to be waived for failure to comply with the Pennsylvania Rules of Appellate Procedure. We conclude that to find waiver in this case would effectively elevate form over substance. Counsel substantially complied with Rule 1925(c)(4) in her statement, because she clearly stated that her review of the record yielded no meritorious issues and also indicated her resulting intention to file an ***Anders*** brief. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 293 (Pa.Super. 2007) (*en banc)* (holding attorney's statement indicating that no non-frivolous matters could be raised on appeal should be accepted in lieu of a proper Rule 1925(b) statement pursuant to Rule 1925(c)(4)). Accordingly, because our review of the issue raised in Counsel's ***Anders*** brief is not hampered by the lack of a trial court opinion, we overlook the misnomer of Counsel's statement and proceed to address Pena's claim.

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa.Super. 2014) (citation omitted).

In addition, counsel attempting to withdraw must also provide a copy of the *Anders* brief to her client and "advise[] him of his right to retain new counsel, proceed *pro se*[,] or raise any additional points that he deems worthy of the court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted).

Based upon our examination of Counsel's Petition to Withdraw and *Anders* brief, we conclude that Counsel has substantially complied with the above requirements. In her *Anders* brief, Counsel represents that she "has made a conscientious review of the record, [and] believes that this appeal is wholly frivolous." *See Anders* Brief at 6. Counsel includes the requisite factual and procedural summary, complete with citations to the record. She supports her conclusion that Pena's sufficiency claim is frivolous with citations to pertinent legal authority. Counsel indicates in her Petition to Withdraw that she has supplied Pena with a copy of her *Anders* brief and that she has attached a letter addressed to Pena, in which she explains his

right to proceed *pro se* or with privately obtained counsel in order to raise any additional arguments he believes may be meritorious.

Having determined that Counsel has met her obligations to withdraw, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1248 (Pa.Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

According to Counsel, Pena's sole issue on appeal is a challenge to the sufficiency of the evidence to sustain his conviction for indirect criminal contempt. "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Ballard***, 80 A.3d 380, 390 (Pa. 2013) (citation omitted). Specifically, we must determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established beyond a reasonable doubt. ***See Commonwealth v. Dale***, 836 A.2d 150, 152 (Pa.Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." ***Commonwealth v. Brown***, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*) (citation omitted).

Further, "[a]s an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." ***Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa.Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa.Super. 2007) (citation omitted).

Instantly, Pena claims that the Commonwealth failed to present sufficient evidence that he committed the offense of indirect criminal contempt by violating his PFA. In ***Commonwealth v. Baker***, 766 A.2d 328, 331 (Pa. 2001), our Supreme Court set forth the four elements necessary to establish a claim of indirect criminal contempt:

> 1) [T]he order must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;
>
> 2) [T]he contemnor must have had notice of the specific order or decree;
>
> 3) [T]he act constituting the violation must have been volitional; and
>
> 4) [T]he contemnor must have acted with wrongful intent.

***Id.*** (citation omitted).

After careful review, we agree with Counsel that Pena's sufficiency claim is wholly frivolous. The evidence the Commonwealth presented at trial demonstrated that Pena had an active PFA against him in favor of Mother,

that he had notice of the PFA, and that he acted in violation of the PFA, with the intent to harass Mother. Further, our independent review of the record does not yield any other issue of arguable merit. Therefore, we grant Counsel's request to withdraw and affirm Pena's judgment of sentence.

Judgment of sentence affirmed. Petition to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/2018