J-S81002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TRENT ALAN TOLENE | : | |
| Appellant | : | No. 2096 MDA 2016 |

Appeal from the Judgment of Sentence December 1, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003679-2013,
CP-22-CR-0004385-2014

BEFORE: PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                  **FILED APRIL 11, 2018**

Trent Alan Tolene appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas. On appeal, he solely challenges the sufficiency of the evidence. We affirm.

During Appellant's two-day bench trial, the Commonwealth presented extensive circumstantial evidence to show Appellant murdered his father, James Tommor, in a motel room. The trial court found him guilty of third-degree murder, tampering with evidence, and theft of leased property.[1] The court later sentenced him to 5½ to 40 years' incarceration on the murder conviction. Appellant filed a timely notice of appeal, and complied with the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c); 4910(1); and 3932(a), respectively.

dictates of Rule 1925(b). This appeal is now properly before us.

Appellant only challenges the sufficiency of the evidence to sustain his conviction for third-degree murder. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. **See Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Id**. (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted). Evidence is weak and inconclusive "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances…." **Commonwealth v. Woong Knee New**, 47 A.2d 450, 468 (Pa. 1946). However, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable

- 2 -

doubt by means of wholly circumstantial evidence." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (citations omitted).

Appellant argues the Commonwealth presented no evidence to prove precisely when the murder occurred. Appellant concedes the evidence demonstrates Mr. Tommor was killed in Appellant's motel room, but he indicates no witnesses saw or heard the killing. Appellant calls attention to the inconclusive results of the DNA tests done on Appellant's own clothing; while these tests indicated Appellant's shirt had human blood on it, the tests did not prove or disprove that it was Mr. Tommor's blood. Appellant admits he lodged in the motel during the week of April 10, 2013, but he complains the Commonwealth cannot prove that he was present in the motel room at all times during the rental period. This, Appellant declares, means he may not have been present when Mr. Tommor was killed and removed from the room at some point during the week. Appellant concludes the Commonwealth failed to present sufficient evidence to support his conviction for third-degree murder. We disagree.

"Third degree murder occurs when a person commits a killing which is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice." ***Commonwealth v. Morris***, 958 A.2d 569, 576 (Pa. Super. 2008) (citations omitted). The Pennsylvania Supreme Court has "consistently held that malice is present under circumstances where a defendant did not have an intent to kill, but nevertheless displayed a conscious disregard for an unjustified and extremely high risk that his actions might

cause death or serious bodily harm." ***Commonwealth v. Packer***, 168 A.3d 161, 168 (Pa. 2017) (citations omitted).

Appellant leans heavily on the circumstantial nature of the evidence in this case to bolster a flimsy argument. Unfortunately, Appellant misconstrues circumstantial evidence to signify a complete lack of evidence. That is not the case here.

At trial, the Commonwealth presented evidence that Mr. Tommor, reserved and paid in advance for Appellant's weeklong stay at the Days Inn motel in Dauphin County. ***See*** N.T. Trial, 10/3/16, at 12. Mr. Tommor also rented a vehicle during the same week, though Appellant was not listed as an authorized driver of that car. ***See id***., at 84-85. Appellant checked into the motel on April 10, 2013. ***See id***., at 12. Hotel workers cleaned the room twice, but Appellant frequently had a "do not disturb" sign on his doorknob. ***Id***., at 16. Consequently, hotel staff did not clean Appellant's room during the last few days of his stay. ***See id***. On April 17, the day Appellant was scheduled to check out of the motel, a maintenance worker came to check on the room. ***See*** N.T. Trial, 10/4/16, at 21. The worker knocked on the door; hearing nothing, he used his key card to unlock it. ***See id***., at 22. After opening the door, he noticed the room was completely dark. ***See id***. Because of the light from the hallway, he could see Appellant lying fully clothed on top of one of the beds. ***See id***. The worker excused himself and left the room. ***See id***., at 23.

Appellant checked out of the motel on the following morning. ***See*** N.T. Trial, 10/3/16, at 12. The front desk clerk inquired about Appellant's stay and the condition of the room; Appellant described the room as "great," and left the motel. ***Id***., at 12. A few hours later, a housekeeper entered the room and noticed a large swatch had been cut out of the carpet. ***See id***., at 20. The hole revealed a dark-colored padding beneath the carpet. ***See id***., at 22. She alerted the maintenance worker who had checked on Appellant's room the previous day. ***See id***. The worker realized the padding underneath the carpet was stained with blood, and he called the police. ***See*** N.T. Trial, 10/4/16, at 25. The responding officers searched the area around the Days Inn, but were unable to find additional evidence. ***See*** N.T. Trial, 10/3/16, at 87. Based on the suspicious circumstances, the police issued an alert to officers to be on the lookout for Appellant and the rental car, which had not been returned and was overdue. ***See id***., at 29.

A police officer patrolling a nearby interstate highway spotted Appellant driving the rental car. ***See id***. The officer pulled Appellant over and ordered him to step out of the vehicle. ***See id***. Appellant appeared to be intoxicated, and had a large bruise the size of a dollar bill on his arm. ***See id***., at 31. Appellant also had blood on his shirt. ***See*** N.T. Trial, 10/3/16, at 36. Appellant was arrested and to the police department. ***See id***., at 30.

At the station, police processed the contents of the rental car. ***See*** N.T. Trial, 10/3/16, at 57. Among other items, they found an envelope with $2,900.00 in cash; several bags and boxes containing clothing, canned goods,

tools; Mr. Tommor's wallet, with his bank cards, driver's license, social security card, and paperwork for the rental car inside; jewelry; two cell phones; and keys to one of Mr. Tommor's vehicles. *See id*., at 57-64. Though they were unable to confirm that it was Mr. Tommor's blood on Appellant's shirt, officers did discover dried blood on the underside of one of the boxes found in the vehicle. *See id*., at 73. At trial, the parties stipulated the blood on the bottom of the box was Mr. Tommor's, and the carpet fibers also found on the box were from the motel room where Appellant stayed. *See id*., at 74-75.

Police returned to the Days Inn after arresting Appellant. *See* N.T. Trial, 10/3/16, at 88. While searching behind the motel, they discovered a gray tarp near a storage shed, with cinder blocks stacked on top. *See id*. They raised the tarp, and discovered Mr. Tommor's body inside. *See id*. Following an autopsy, the coroner found that Mr. Tommor was repeatedly "pile-driven" into the ground, which crushed his spinal cord and caused paralysis. N.T. Trial, 10/4/16, at 9. The coroner also opined that Mr. Tommor was strangled. *See id*., at 10. He concluded complications due to multiple traumatic injuries caused Mr. Tommor's death. *See id*., at 11. At the conclusion of the Commonwealth's case, the defense declined to present any witnesses. *See id*., at 35.

After considering that significant array of circumstantial evidence, we easily find the Commonwealth presented sufficient evidence to support Appellant's third-degree murder conviction. Taken in the light most favorable

to the Commonwealth as the verdict winner, the facts and circumstances of this case plainly show Appellant inflicted these injuries on Mr. Tommor. And the nature of the wounds demonstrates that Appellant consciously disregarded the risk that Mr. Tommor would be killed or seriously harmed by the inflicted injuries. **See Packer**, 168 A.3d at 169. Thus, the Commonwealth proved both that Appellant killed Mr. Tommor, and that Appellant acted with the requisite malice to constitute third-degree murder. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/11/2018</u>