J-S07021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY MCGRIFF | : | |
| | : | |
| Appellant | : | No. 341 EDA 2017 |

Appeal from the Judgment of Sentence January 4, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006669-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 03, 2018**

Anthony McGriff appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas after a jury convicted him of voluntary manslaughter, 18 Pa.C.S.A. § 2503(b), and possessing instruments of crime, 18 Pa.C.S.A. § 907(a). Appellant challenges the denial of his pre-trial motion to dismiss and his proposed jury instructions, as well as the sufficiency of the evidence underlying his convictions. After careful review, we affirm.

On May 3, 2015, Appellant was arrested and charged with the murder of his brother, John McGriff. Appellant filed a pre-trial motion seeking to dismiss the charges due to claims of partial amnesia surrounding John's death and the subsequent police interview. Following a hearing, the trial court denied

Appellant's request to dismiss. The case proceeded to a jury trial on September 27, 2016.[1]

The evidence presented at trial, as summarized by the trial court, is as follows:

> [Appellant] lived with his younger brother, John [], at an apartment they shared on the 5800 block of Christian Street, Philadelphia [] which was owned by their eldest brother, George McGriff.[] Early on the morning of May 3, 2015, at approximately 12:15 a.m., George received a phone call from [Appellant], during which [Appellant] stated that he and John had been in a fight. In response to this phone call, George went over to the apartment and found John unresponsive and bleeding on the second floor. George called 911. [Appellant] was not home when George arrived. Medical and police personnel arrived on scene shortly thereafter, but John was pronounced dead at 1:00 a.m.
>
> John was stabbed a total of five times: twice in the chest, twice in the abdomen, and once in the back. These stab wounds perforated John's heart, liver, stomach, diaphragm, and bowels. Blood was located throughout the home, having dripped from the second floor onto the ground floor, which also being present on the walls of the stairway, in the bathtub, and in the bedroom.
>
> [Appellant] returned to the house while [police were] processing the scene and admitted to police that it was his home. When police asked if [Appellant] had any information about the scene, [Appellant] said that John has been "acting weird" but did not say that he and John had been in a fight, as he had told George. Officers asked [Appellant] to stay at the scene, but [Appellant] left and went to the corner deli, where police later found him after he had purchased a beer there. Officers escorted [Appellant] back to the scene and noticed that [Appellant] had blood on his clothing. [Appellant] also had a cut on his thumb. When asked about the blood, [Appellant] stated that he had cut his thumb.

---

[1] At trial, the Commonwealth proceeded on both first degree murder, 18 Pa.C.S.A. § 2502(a), and third degree murder, 18 Pa.C.S.A. § 2502(c), charges.

Police arrested [Appellant] who, after being handcuffed, stated that he had been involved in a fight with John and that John had tried to put a belt around his neck. [Appellant] also stated that he and John had fought over a knife. Police transported [Appellant] to police headquarters, where [Appellant] provided a statement. In his statement, [Appellant] said that he had gotten into a fight with John after John forced his way into [Appellant's] room, that John attempted to put a belt around [Appellant's] neck, and that during the fight John grabbed a knife that was beside [Appellant's] bed. [Appellant] also stated that John cut [Appellant's] thumb before [Appellant] flipped John onto his back and punched John in the chest and side. [Appellant] denied ever having the knife during the fight. When police asked how John got stabbed, [Appellant] stated "maybe when he fell, he fell on the knife."

Police recovered a knife with a four-and-a-half-inch handle and a six-inch blade behind a door in [Appellant's] room. Testing of the stain on the knife revealed [Appellant's] DNA mixed with the DNA of another person from whom there was insufficient data for an identification.

Trial Court Opinion, 4/10/17, at 2-4 (citations to the record omitted). Appellant did not testify at trial. However, in order to present a justification defense, defense counsel admitted to the jury that Appellant had stabbed John, despite his contrary statement to the police.

Following the close of evidence, the jury acquitted Appellant of the first degree and third degree murder charges, but convicted him of the lesser-included offense of voluntary manslaughter, as well as possessing instruments of crime. The trial court later sentenced Appellant to an aggregate term of nine to twenty years' imprisonment, followed by a five year probationary term. This timely appeal follows.

Appellant first challenges the sufficiency of the evidence underlying his voluntary manslaughter and possessing instruments of crime convictions. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted).

Voluntary manslaughter, as charged here, is defined as:

**(b) Unreasonable belief killing justifiable.** – A person who intentionally or knowingly kills an individual commits voluntary

manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 [relating to justification] of this title, but his belief is unreasonable.

18 Pa.C.S.A. § 2503(b).

Sometimes referred to as imperfect self-defense, unreasonable belief voluntary manslaughter requires all of the other principles of justification be met with proof that "an unreasonable rather than a reasonable belief that deadly force was required to save the actor's life." *Commonwealth v. Tilley*, 595 A.2d 575, 582 (Pa. 1991).

Section 505 of the Crimes Code sets forth the elements of self-defense:

**§ 505. Use of force in self-protection**

(a)   **Use of force justifiable for protection of the person.** – The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

18 Pa.C.S.A. § 505(a).

"When there is a claim of self-defense, the Commonwealth has the burden to prove beyond a reasonable doubt that the killing was not committed in self-defense." *Commonwealth v. Burns*, 765 A.2d 1144, 1148-1149 (Pa. Super. 2000) (citation omitted). In order to meet this burden, the Commonwealth must prove "at least one of the following: (1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; (2) the accused provoked or continued the use of force; or (3) the accused

- 5 -

had a duty to retreat and the retreat was possibly with complete safety." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1143 (Pa. Super. 2009) (citation omitted). Once the Commonwealth has proven one of these elements beyond a reasonable doubt, it has sufficiently disproven a defendant's self-defense claim. ***See Burns***, 765 A.2d at 1149.

Here, the Commonwealth presented sufficient evidence for the jury to conclude, beyond a reasonable doubt, that Appellant's use of force against his brother was unreasonable. First, we note that Appellant's actions following the altercation support an inference that his actions were not entirely justified. ***See Commonwealth v. Carbone***, 574 A.2d 584, 589 (Pa. 1990) (finding that defendant's failure to contact police and inconsistent stories, in part, defeated justification defense). Appellant failed to contact police, initially claimed to have nothing to do with John's death, and denied stabbing John up until the point of trial. Additionally, Appellant's own description of the fight brings into question the reasonableness of Appellant's use of force. While Appellant informed Detective Peterson that John attacked him with both a belt and a knife, he clearly indicated that he was able to overpower John when confronted with these items. Yet, as Dr. Brown testified, John was stabbed five times—twice in the chest, and once in the abdomen, pelvis, and middle of the back.

Appellant asserts that his statement to the police cannot be used in order to meet the Commonwealth's burden of disproving the reasonableness

of his actions. In support of his argument, Appellant relies on the holding in
**Commonwealth v. Torres**, 766 A.2d 342 (Pa. 2001). There, our Supreme
Court overturned the defendant's simple assault conviction after finding that
the Commonwealth failed to disprove the defendant's claim of self-defense.
**See id**., at 345. In ruling in favor of the defendant, the Court noted that all of
the evidence adduced at trial supported the defendant's claim that he
assaulted the victim in self-defense, and that the Commonwealth could not
sustain its burden of proof based solely on the fact finder's disbelief of the
defendant's testimony. **See id**. Appellant asserts that the facts in this case
are similar to the facts in **Torres**, and that therefore, the Commonwealth
should not be able to rely on his statements to defeat his assertion that his
actions were reasonable. We disagree.

Unlike in **Torres**, the Commonwealth here did *not* rely on the jury's
disbelief of Appellant's statements to the police to prove the unreasonableness
of Appellant's actions. Instead, the Commonwealth relied upon the truth of
Appellant's statements in order to draw the inference of unreasonableness. A
defendant's voluntary pretrial admission or confession is admissible as
substantive evidence against him at trial. **See Commonwealth v. Ogrod**,
839 A.2d 294, 327 (Pa. 2003). Thus, the holding in **Torres** is inapplicable.
Viewed in the light most favorable to the Commonwealth as verdict winner,
the evidence was sufficient to defeat Appellant's claim of self-defense and
support Appellant's conviction for voluntary manslaughter.

Additionally, Appellant claims the Commonwealth presented insufficient evidence to sustain his possessing instruments of crime conviction. This claim hinges on his contention that the evidence is insufficient to disprove his justification defense. Specifically, Appellant contends that a finding of pure self-defense negates the criminal intent necessary to support his possessing instruments of crime conviction. However, because we found that the evidence was sufficient to disprove his claim of self-defense and convict him of voluntary manslaughter, his challenge to the sufficiency of the evidence underlying his possessing an instrument of crime conviction fails.

Appellant next alleges the trial court improperly denied his request to supplement the trial court's self-defense instruction. Specifically, Appellant requested the following instruction:

> The Commonwealth cannot prove these elements [negating self-defense] beyond a reasonable doubt by the words alone in defendant's statement. Disbelief of the defendant's statement is not a substitute for the Commonwealth's burden to disprove defendant's claim of self-defense.

According to Appellant, the trial court's failure to include this instruction in its self-defense charge permitted the jury to rely on their disbelief of Appellant's statement in reaching their verdict and deprived him of a fair trial.

"Our standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." ***Commonwealth***

*v. Yale*, 150 A.3d 979, 983 (Pa. Super 2016) (citation and brackets omitted).

And,

> [t]he trial court possesse[s] broad discretion in phrasing its instructions to the jury and [is] permitted to choose its own wording so long as the law [is] clearly, adequately and accurately presented to the jury for consideration. Furthermore, a trial court need not accept counsel's wording for an instruction, as long as the instruction correctly reflects the law. It is axiomatic that, in reviewing a challenged jury instruction, an appellate court must consider the charge in its entirety, not merely isolated fragments, to ascertain whether the instruction fairly convey the legal principles at issue. Instructions will be upheld if they adequately and accurately reflect the law and are sufficient to guide the jury properly in its deliberations.

*Commonwealth v. Fletcher*, 986 A.2d 759, 802 (Pa. 2009) (citation omitted).

Here, while we acknowledge that Appellant's requested instruction is an accurate statement of the law, *see Torres*, 766 A.2d at 345, the trial court's instructions to the jury concerning the Commonwealth's burden of proof adequately prevented the jury from convicting Appellant based solely on their disbelief of Appellant's statement:

> Since the Commonwealth [has] the burden of proof in this case, the Commonwealth must prove to you that the defendant did not act in justifiable self-defense beyond a reasonable doubt … To carry its burden of proving that the defendant's use of force was not justifiable self-defense in this case, the Commonwealth has to prove one of the following elements beyond a reasonable doubt. A, that at the time the defendant used the deadly force, either: One, the defendant did not actually believe that he was in danger of death or seriously bodily injury from the alleged victim, such that defendant needed to use deadly force to defendant himself at that moment. Or two, that while the defendant actually believed he needed to use such force, his belief was unreasonable in light of all the circumstances known to him…

N.T., Trial, 9/28/16, at 211-212.

This instruction clearly denotes only two circumstances in which the Commonwealth can defeat Appellant's self-defense claim: either by proving that Appellant did not actually believe deadly force was necessary or by proving that Appellant's belief was unreasonable under the circumstances. Neither permits the jury to rely solely on their disbelief of Appellant's statement, but rather requires active proof from the Commonwealth in order to meet their burden. After reviewing the entirely of the trial court's jury instructions, we find that they accurately and adequately reflect the law surrounding self-defense. As such, the addition of Appellant's proposed instruction would merely be superfluous. Appellant's second claim on appeal fails.

Finally, Appellant claims that the trial court erred in failing to grant his pre-trial motion to dismiss due to his diagnosis of partial amnesia. Appellant alleges that his amnesia significantly hindered the presentation of his justification defense and therefore resulted in a denial of due process, a fair trial, and effective assistance of counsel. Thus, Appellant asserts that his conviction should be overturned and his charges dismissed.

Appellant's claim of amnesia squarely implicates his competency to stand trial. "A defendant is presumed competent and it is his burden to show otherwise, the determination of which is within the sound discretion of the trial court." *Commonwealth v. Stevenson*, 64 A.3d 715, 720 (Pa. Super. 2013)

(citations omitted). In order to establish incompetency, a defendant must prove that he was either unable to understand the nature of the proceedings against him or participate in his own defense. *See Commonwealth v. Santiago*, 855 A.2d 682, 694 (Pa. 2004); 50 P.S. 7402(a).

The law surrounding pre-trial claims of amnesia was thoroughly examined by a previous panel of this court. Specifically, the panel explained that:

> Absent evidence of a mental disability interfering with the defendant's faculties for rational understanding, it is settled that mere vacuity of memory is not tantamount to legal incompetence to stand trial. It is only where the loss of memory [a]ffects or is accompanied by a mental disorder impairing the amnesiac's ability to intelligently comprehend his position or to responsibly cooperate with counsel that the accused's guaranties to a fair trial and effective assistance of counsel are threatened and therefore incapacity to stand trial may be demonstrated.

> Our Supreme Court [has] rejected claims of amnesia-based incompetence … as follows:

> The defendant … is able to comprehend his position as one accused of murder, is fully capable of understanding the gravity of the criminal proceedings against him, and is able to cooperate with his counsel in making a rational defense as is any defendant who alleges that at the time of the crime he was insane or very intoxicated or completely drugged, or a defendant whose mind allegedly went blank or who blacked out or who panicked and contends or testifies that he does not remember anything.[Price, 421 Pa. at 406, 218 A.2d at 763.]

> … As one commentator has stated:

> "In his plight the amnesiac differs very little from an accused who was home alone, asleep in bed, at the time of the crime or from a defendant whose

- 11 -

only witnesses die or disappear before trial. Furthermore, courts, of necessity, must decide guilt or innocence on the basis of available facts even where those facts are known to be incomplete, and the amnesiac's loss of memory differs only in degree from that experiences by every defendant, witness, attorney, judge, and venireman. How much worse off is a generally amnesiac defendant on trial for murder, for example, than one who remembers all but the dispositive fact: who struck the first blow?" 71 Yale L.J. 109, 128 (1961).

*In re R.D.*, 44 A.3d 657, 665-66 (Pa. Super. 2012) (some internal citations omitted). Based upon this analysis, the panel in *R.D.* concluded that because R.D. was able to comprehend the charges against him and fully participate in his hearing, his claims of partial amnesia, limited to the criminal event in question, did not render him incompetent to stand trial. *See id.*, at 667.

The analysis and rationale behind *R.D.* dictates the outcome of this case. While Appellant claims to have no memory of stabbing John or speaking to the police afterwards, he conceded at the hearing that he understood his position and was able to cooperate with counsel when devising his defense.[2] *See* N.T., Hearing, 9/26/16, at 5. As explained in *R.D.*, this is all that is necessary to defeat an amnesiac's claim that he is incompetent to stand trial. Because the trial court correctly found Appellant competent to stand trial,

---

[2] In his brief, Appellant attempts to bolster his position by claiming that his memory loss was accompanied by a mental disorder that impaired his ability to "intelligently comprehend his position or to responsibly cooperate with counsel." However, this allegation directly flies in the face of his admission that he was competent to stand trial. Therefore, we will not consider this aspect of Appellant's argument on appeal.

Appellant's pretrial motion to dismiss based upon an alleged incompetency (amnesia) was properly denied.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/18