J-S19012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNNIE O. KELLY | : | |
| | : | |
| Appellant | : | No. 1421 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 1, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008582-2018

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED JULY 25, 2022**

Johnnie O. Kelly appeals from the judgment of sentence of life imprisonment without parole entered in the Philadelphia Court of Common Pleas on July 1, 2021, after a jury found him guilty of first-degree murder and related charges. In his sole issue on appeal, Kelly argues the evidence presented at trial was insufficient to support his conviction for first-degree murder. We are constrained to conclude that Kelly's sufficiency claim is waived, as his Rule 1925(b) statement did not adequately identify the errors that he intended to challenge on appeal.

It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. ***See Commonwealth***

---

[*] Former Justice specially assigned to the Superior Court.

*v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. *See* *Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all").

> If [an appellant] wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

*Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted). Further, waiver applies even where the trial court addresses the issue in its Rule 1925(a) opinion and where the Commonwealth does not object to the defective Rule 1925(b) statement. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) ("The Commonwealth's failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion,

not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim.") (citations omitted); *see also Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017).

Here, Kelly's Rule 1925(b) statement simply includes multiple blanket statements, declaring the evidence was insufficient to convict him of each charge. *See* Appellant's 1925(b) Statement, 8/6/2021. While Kelly asserted six claims of error in his 1925(b) statement, he only pursues one on appeal, regarding the sufficiency of his first-degree murder conviction. In his Rule 1925(b) statement, Kelly simply asserts "[t]he evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of 1st degree murder beyond a reasonable doubt, as to this Defendant." *Id*. The statement fails to "specify the element or elements upon which the evidence was insufficient" to support Kelly's convictions. As a result, we must conclude Kelly's sufficiency of the evidence claim is waived on appeal. *See Williams*, 959 A.2d at 1257-1258.

Even if Kelly had properly preserved this issue in his 1925(b) Statement, it would merit no relief.[1] Kelly highlights the testimony of one eyewitness who

---

[1] Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836
*(Footnote Continued Next Page)*

testified that the shooting stemmed from a heated argument. Kelly asserts that the existence of this testimony demonstrates that the evidence was insufficient to prove that he acted with the specific intent to kill. ***See*** Appellant's Brief, at 9. However, Kelly's argument fails to acknowledge that a fact-finder can infer specific intent to kill where the accused used a deadly weapon on a vital part of the victim's body. ***See Commonwealth v. Smith***, 985 A.2d 886, 896 (Pa. 2009) (finding evidence that victim suffered gunshot wounds to the torso was sufficient evidence for fact-finder to infer specific intent to kill). Here, the Commonwealth presented evidence that the victim suffered a fatal gunshot wound to the back of his torso. ***See*** Commonwealth's Exhibit 45.

As Kelly's sole issue raised on appeal is waived, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

---

A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Id***. (citation omitted). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." ***Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Thus, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022