J-S10008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEMAR JOSHUA REID | : | |
| | : | |
| Appellant | : | No. 1988 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 6, 2022
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002730-2021

BEFORE: PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY PANELLA, P.J.: **FILED MAY 10, 2023**

Kemar J. Reid appeals from the judgment of sentence entered in the Chester County Court of Common Pleas on July 6, 2022, following his conviction at a bench trial for driving under the influence ("DUI") of a controlled substance. Additionally, Reid's court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). After careful review, we affirm the judgment of sentence and grant counsel permission to withdraw.

Prior to trial, Reid filed a motion to suppress physical evidence, certain statements, and derivative evidence. On May 3, 2022, a suppression hearing was held, after which the trial court denied the motion. The matter immediately proceeded to a non-jury trial. The testimony from the

suppression hearing was incorporated into the trial by agreement of the parties. At the conclusion of the trial, the trial court found Reid guilty of DUI.[1]

On July 6, 2022, the trial court sentenced Reid to a mandatory minimum sentence of seventy-two hours to six months' incarceration, plus fines and costs. This timely appeal followed.

We turn first to counsel's petition to withdraw. To withdraw pursuant to *Anders*, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [Anders] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to

_____

[1] Our review of the record reveals some ambiguity regarding Reid's conviction. The criminal information filed by the Commonwealth includes only a single count against Reid. However, that count includes allegations that Reid violated 75 Pa.C.S.A. § 3802(a), (c), (d)(1)(i), (d)(1)(iii), (d)(2), and (d)(3). The trial court's verdict sheet indicates it found Reid guilty of violating subsection (d)(2), while the sentencing guideline form prepared by the court indicates Reid was convicted of violating count 3 of the information, which is identified as a violation of subsection (d)(3). In any event, what is clear from the record is that the trial court found that Reid was intoxicated to the point where he was not capable of safely operating his vehicle. Since counsel's *Anders* brief addresses the conviction under subsection (d)(2), we will do the same.

withdraw a copy of the letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

> An ***Anders*** brief must comply with the following requirements:
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

We find counsel has complied with the preliminary requirements set forth in ***Anders***. Counsel filed a petition to withdraw, certifying she has reviewed the case and determined that Reid's appeal is frivolous. Further, counsel attached to her petition a copy of a letter she sent to Reid advising him of his rights, including his immediate right to proceed *pro se* and/or right to hire private counsel. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Reid, and her assessment of why those issues are meritless, with citations to relevant legal authority. Counsel has thus complied with the requirements of ***Anders***. Further, Reid has not filed a response. As such, we proceed to a review of any issues outlined in the ***Anders*** brief.

In her **Anders** brief, counsel raises a challenge to the sufficiency of the evidence. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). The Commonwealth may meet this burden of proving every element of the crime by utilizing only circumstantial evidence. **See Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Id**. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder, so long as the evidence presented is utterly incapable of supporting the necessary inferences. **See id**. This Court does not independently assess credibility or otherwise assign weight to evidence on appeal. **See Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004).

Reid was convicted for driving under the influence of a controlled substance under 75 Pa.C.S.A. § 3802(d)(2), which states:

> (d) Controlled substances—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> * * *

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

Viewed favorably to the Commonwealth as verdict winner, the evidence upon which Reid was convicted is as follows. Officer Jerry Ferriola, employed by the West Chester Borough Police Department testified that just before 2 a.m. on July 23, 2021, he was walking near Barnaby's, a bar in West Chester, Pennsylvania, when he saw Reid with another individual stumble down the steps of Barnaby's with a staggered gait, and slurring his words as he spoke to other patrons. *See* N.T., 5/3/2022, at 9-11.

Shortly thereafter, Officer Ferriola received a radio dispatch regarding a hit and run accident a block and a half from Barnaby's. *See id*. at 11. When he arrived at the accident scene, Officer Ferriola saw an occupied silver car with front-end damage partially on the sidewalk with its headlights on. *See id*. at 12. Officer Ferriola also saw an unoccupied, white Acura with significant rear-end damage parked in front of the silver car. *See id*. There were no other vehicles in the area. When Officer Ferriola stepped out of his patrol car, Reid was exiting the silver car from the driver's seat. *See id*. at 13. Reid's car was running at the time with the key in the ignition. *See id*.

Officer Ferriola attempted to talk with Reid, and observed that Reid was very emotional, difficult to converse with, and not answering questions. *See id*. at 14. Officer Ferriola noted Reid's speech was slurred, he was unsteady

on his feet, and his eyes were bloodshot, glassy, and watery. ***See id***. at 14-15. Officer Ferriola stated Reid was crying off and on throughout their conversation. ***See id***. at 15. Reid and the passenger both told Officer Ferriola that their car was parked, and they were getting ready to leave, when another vehicle sideswiped them and continued on. ***See id***.

Officer Ferriola noted there was no damage to the driver's side door that seemed consistent with Reid's story. ***See id***. at 16. The passenger gave a similar account of what happened. ***See id***. at 18. Officer Ferriola, based on his training and experience, did not believe either of them were being truthful about what happened. ***See id***.

Officer Ferriola did not ask Reid to perform standardized field sobriety tests because of his original observation of Reid leaving the bar, the face-to-face contact with Reid near the vehicle, Reid's lack of cooperation, as well as evidence of the accident that had occurred. ***See id***. at 19.

Officer Ross Blue, employed by the West Chester Borough Police Department, testified that Reid displayed objective signs and symptoms of alcohol intoxication: slurred speech, odor of alcohol, unsteady gait, bloodshot watery eyes, and emotions at a high point. ***See id***. at 36. Officer Blue concluded Reid was too intoxicated to drive. ***See id***. at 38. Officer Blue also testified that he observed an open container of an alcoholic beverage underneath the front passenger seat, as well as a partially smoked blunt in an

ashtray in the cup holder containing suspected marijuana. *See id*. at 48. The blunt was tagged into evidence. *See id*. at 49.

Based on the above facts, there was sufficient evidence to establish that Reid drove his vehicle when he was incapable of safely driving. The question is whether the evidence was sufficient to establish that Reid's impaired ability to drive safely was the result of the influence of a drug – here, marijuana. "Section 3802(d)(2) does not require that any amount or specific quantity of the drug be proven in order to successfully prosecute under that section." *Commonwealth v. Williamson*, 962 A.2d 1200, 1204 (Pa. Super. 2008). Whether expert testimony is necessary is a case-by-case determination, and depends upon "the specific drug at issue" and "the nature and overall strength of the Commonwealth's evidence." *Commonwealth v. Griffith*, 32 A.3d 1231, 1239 (Pa. 2011).

We find that the totality of the circumstances presented sufficient evidence to establish that Reid was under the influence of marijuana such that his ability to drive a vehicle was impaired. Both officers testified that Reid showed multiple signs of impairment. Officer Ferriola testified that Reid was emotional and distracted and would not answer questions, his speech was slurred, and his eyes were watery and bloodshot. *See* N.T., 5/3/2022, at 14-15. The results of the blood test stipulated to by both parties revealed Reid was under the active influence of THC when he was driving. *See id*. at 47.

Finally, Officer Blue testified that a partially smoked blunt with suspected marijuana inside was found in the vehicle's cup holder. *See id*. at 48.

Viewed in the light most favorable to the Commonwealth, we are satisfied that this evidence was sufficient to support Reid's conviction of subsection 3802(d)(2) beyond a reasonable doubt. *See Bruce*, 916 A.2d at 661. As the Commonwealth presented sufficient evidence to sustain the conviction, we affirm Reid's judgment of sentence.

Having reviewed the issue raised in counsel's *Anders* brief, and after conducting our own independent review of the record, we agree with counsel that the within appeal is wholly frivolous.[2] As such, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2023

---

[2] We note our independent review of the record did not reveal any additional non-frivolous issues for appeal.